ALBANY,
August, 1816.

Ross
v.
Dole.

*Goodenow*, contra, contended, that this was an action on a penal statute, in which, according to the settled rule of practice in the *English* courts, the defendant could not be held to bail. He cited *Tidd's Pr.* 152. *Yelv.* 53. *Gilb. C. P.* 37.

---

## Ross *against* Dole.

In a special action on the case for erecting a nuisance, the plaintiff having recovered forty-five dollars only, and there being no certificate of the judge, that the title to land came in question, it was held that the plaintiff could not recover costs, but must pay costs to the defendant.

THIS was a special action on the case, for erecting a nuisance, in which the plaintiff recovered forty-five dollars damages, and the question on the present motion was, whether the plaintiff could recover costs, or must pay costs.

*Ross*, for the plaintiff.

*Buel*, contra.

But the plaintiff was allowed to *set off* the *damages* recovered, against the costs, notwithstanding any *lien* which the defendant's attorney claimed to have on the costs.

*Per Curiam.* This was a special action on the case for erecting a nuisance. The plaintiff has recovered 45 dollars, and the question now is, whether he is entitled to recover costs, or is bound to pay costs to the defendant. No certificate has been procured from the judge who tried the cause, that the title to land came in question. Nor, indeed, is it a case in which the title to lands could come in question. Although the defendant might have a claim to the house occupied by the plaintiff, he has no right to endeavour to drive him out, by erecting a nuisance. He must try his right in a regular course of judicial proceedings. And this we know he once attempted to establish, but failed. The offer of the defendant to show a title was properly overruled by the judge. The motion, on the part of the plaintiff, for costs, must be denied. He is bound to pay costs to the defendant, but the plaintiff has a right to set off the damages recovered against the costs, notwithstanding the lien which the defendant's attorney claims to have on these costs.(*a*)

ALBANY,
August, 1816,

(*a*) See *Porter* v. *Lane*, 8 *Johns. Rep.* 357.