John B. Brisbin *et als*, Plaintiffs in Error, vs. Jonas Newhall and Edmund W. Johnson, Defendants in Error.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

The assignee of a judgment, takes subject to all equities existing, at the time of the assignment, between the judgment debtor and the assignor.

The following is a statement of the facts.

That on the twenty-sixth day of February, 1858, the Defendant Kingsley recovered a judgment against the Plaintiff Newhall for $34,71 damages and $1,35 costs, and on the fifth of March, 1858, another judgment for $89,63 damages and $1,50 costs, both before a Justice of the Peace of Washington County.

That on the second day of March, 1858, Jonas Newhall obtained in the District Court of Washington County, judg-

ment for $1,218,50 and a decree of foreclosure against said Kingsley and others, of mortgaged lands; that on the second day of March, 1858, the Plaintiff Johnson entered into a recognizance to stay the first judgment, and on the eighth of March, 1858, did the same towards the second; that on the thirtieth day of March, 1858, the three judgments being in force unsatisfied, it was agreed between Kingsley and Plaintiff Newhall that the two judgments in favor of Kingsley should be set off and applied upon the one against him, which agreement was in writing annexed to pleadings and dated March third. The stipulation referred to is signed by Kingsley only, and substantially agrees on his part that execution upon both of his judgments shall be stayed till the ensuing November, and that the amount of them shall be set off in the judgment in favor of Newhall; it is not signed by Newhall.

That Defendant Ballard succeeded the Justice before whom the judgments in favor of Kingsley were rendered, and on the ninth on February, 1859, the stipulation was filed with him as notice to him of the contents; that on the seventh of November, 1859, Defendant Kingsley duly assigned the two judgments to Brisbin, and Brisbin had notice then that the same were satisfied as aforesaid; that on November eighth, 1858, executions were issued, delivered to the Constable, and a levy made on the property of Newhall; that Plaintiff's judgment against Kingsley after selling mortgaged property, is unsatisfied, except $300; that the amount of the Kingsley judgment had not been credited until December seventeen, 1859, but Plaintiff Newhall instructed his Attorney Parker to credit in March, and Plaintiff did not know that it was so credited until November twenty-ninth, 1859, and after said executions had been issued; that before suit said Plaintiff demanded of Kingsley and Brisbin satisfaction of the two judgments and they each refused; that the amount of the two judgments was credited December seventeen, 1859.

The Complaint demands an injunction to restrain the execution, and that Defendants be compelled to satisfy the judgments and for other relief.

The answer alleged that the agreement (Exhibit A) was

never executed or delivered; that it was agreed by and between Newhall and Kingsley that Newhall should first sign and then file it, and then credit the amount on his judgment against Kingsley; that Newhall disregarded and did not perform his agreement; did not sign the agreement and did not apply or credit as agreed; that on the fifteenth day of September, 1859, Newhall caused an execution to be issued on his judgment; that such execution was for the full amount of said judgment without any deduction; that the said execution was on the first day of November, 1859, duly levied on the property of Kingsley; that after the levy and all the acts, the Defendant Brisbin paid value and the two judgments were transferred to him; that Brisbin bought, without any notice, except that the writing had not been executed and had been disregarded by Newhall.

The Plaintiffs interposed a demurrer to the answer.

Judgment was rendered against Defendants upon the demurrer, and for $61,00 costs, &c. and Defendant Brisbin has sued out this writ of Error.

Points and Authorities of Plaintiffs in Error.

*First.*—The complaint does not state a cause of action. The Plaintiffs do not allege that they have done or been willing to do equity.

It appears from the complaint that Plaintiff Newhall disregarded the agreement set out in exhibit A.

*Second.*—The answer denies all the equities of the complaint.

*Third.*—The answer sets up ¬paramount equities in Defendant Brisbin.

Points and authorities of Defendants in Error.

The assignee of a chose in action takes it subject to all the equities of the original debtor, or obligor, *at the time,* but not to any latent equity residing in a third person against the assignee or obligee. *Murray vs. Lylburn,* 2 *John. C. R.* 441; 2 *Verm.* 691, 764; 1 *P. Wm.* 436; 1 *Vesey,* 123; 4 *Vesey, Jr.* 121.

In Equity, so soon as the three judgments were recovered, the lesser judgments were merged in the greater, and but one judgment existed; and the Court on the application of either Newhall or Kingsley, would have ordered the judgments set off, and neither Newhall or Kingsley by assignment, could avoid such set off, either by themselves or their assignees. And this the Court will do, not by virtue of any statute of set off, but upon the general jurisdiction of the Court over its own suitors, not only of the same Court, but of different Courts. 1 *John. C. R.* 91 ; 1 *John. R.* 144; 3 *John. R.* 247 ; 14 *John. R.* 63 ; 4 *Term, R.* 123 ; 8 *Term. R.* 69 ; *Montague on Set offs*, 6.

A Court of Law allows a set off *ex gratia*, but a party is entitled to a set off in equity as a matter of right. 14 *John*, 63.

J. B. BRISBIN, and J. & C. D. GILFILLAN, Counsel for Plaintiffs in Error.

NEWELL, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J.—The assignee of a judgment takes subject to all equities existing at the time, between the judgment debtor and the assignor. Brisbin therefore, occupies the same position towards Newhall, so far as the object of this action is concerned, as did Kingsley at the time of the assignment, and this too, whether he had notice of the judgment which Newhall holds against Kingsley or not. We think however that he could not well claim to be an innocent purchaser of Kingsley's judgments. It appears by the record that he knew of Newhall's judgment, and that Newhall and Kingsley had entered into an arrangement by which it was agreed that Kingsley should set off the amount of the judgments against so much of the judgment which Newhall had against him, and Newhall was to credit the amount on his judgment. He claims however that this arrangement was never in fact completed, because Newhall neglected to sign the agreement, and did not credit the amount on his judgment, but afterwards issued an execution thereon for the full

amount. It is apparent from this that Brisbin must have known that Newhall had a judgment against Kingsley for a sum greater than the amount of Kingsley's judgments against Newhall. And knowing this he knew the main fact upon which Newhall predicates his claim to relief in this action.

It was the right of Newhall to have his judgment set off against the judgments which Kingsley had against him, and the answer showed that the assignment to Brisbin was after this right had accrued. The Court very properly sustained the demurrer which the plaintiffs interposed.

The judgment is affirmed.