JOHN R. IRVINE, et al., Appellants, vs. LAWRENCE MYERS & Co. Respondents.

MOTION IN THE SUPREME COURT, TO SET OFF CERTAIN JUDGMENTS.

Judgments in this Court may be set off upon motion,—and where one of the judgments is upon appeal, and the appeal undetermined, the motion may remain undecided until the final determination of the appeal, in order that the judgments may be set off in the event of affirmance.

Where there are judgments against, and in favor of each party to an action, rendered upon different trials thereof, the assignee of one of the judgments cannot escape having had notice of the judgment against his assignor at the time he took the assignment, the judgment being in the same action, upon a retrial upon the same record. And having such notice, he takes the judgment assigned, subject to the equitable right of the debtors therein, to have their judgment set off against it.

The judgment sought to be satisfied by set off, being in the Supreme Court, the motion for set off should be made in that Court, as it can act directly upon the record by its order.

*By the Court*—FLANDRAU, J.—Lawrence Myers & Co. recovered a judgment against John R. Irvine, in the District Court of Ramsey County, for the sum of three hundred dollars and upwards. Irvine took an appeal from the judgment of this Court, and procured a reversal, recovering judgment against Lawrence Myers & Co., for costs, amounting to some twenty-five dollars, which judgment was entered in this Court. The case was retried in the District Court, and a second judgment recovered by the Plaintiffs against Irvine for about three hundred dollars. Irvine again appealed to this Court from the judgment so recovered against him. Irvine caused execution to be issued upon his judgment in this Court, against Lawrence Myers & Co., for costs, and placed it in the sheriff's hands, directing him to levy upon the judgment held by Lawrence Myers & Co., against him, which levy was made, and the judgment advertised for sale. At this point in the proceedings, Lawrence Myers & Co. move this Court to set aside the levy made upon their judgment, and to have the two judgments set off, the one against the other, that the lesser may be satisfied.

Various objections are urged by the counsel for Irvine against the motion.

*First.*—That judgments cannot be set off on motion,- but only by bill; and upon this point the counsel seemed very confident.   I think the only answer that should be made to this position is that the counsel is mistaken, it being a very familiar practice in the courts.   We sanctioned it in the case of *Temple & Beaupre vs. Scott,* 3 *Minn. R.,* 419.

*Second.*—That the judgment in the District Court sought to be offset is appealed from and undetermined.   This was true at the time the motion was argued, but is now obviated by the affirmance of the judgment at the present term of this Court.   We would have retained the motion undecided, together with the stay which had been taken upon the execution, until the final determination of the appeal, had it been necessary, in order that the judgments might have been set off in the event of affirmance.   *Winslow vs. Hathaway,* 1 *Pick.,* 211.

It is unnecessary to consider the question whether Irvine could levy upon a judgment against himself, or whether the sheriff should *sell* or *collect* a judgment levied upon, as we think that judgments should always be offset against each other when they are final between the parties, and their rights fixed under them.

An affidavit of J. James Herr was read on the motion, alleging that the judgment in favor of Irvine, in this Court, was on the 7th day of November, 1861, as he believes, assigned to him, and that he was, at the date of the issuance of the execution thereon, and still is, the owner of the same.· Herr cannot escape having had notice of the judgment against Irvine at the time he took the assignment, as the judgment is in the same action, upon a retrial upon the same record.   Having notice, he took the judgment subject to the equitable right of Lawrence Myers & Co., to have it set off against their judgment.   *Nixon vs. Gregory,* 5 *How. Pr. R.,* 339 ; *Kinnsley, Brisbine, et al., vs. Newhall & Johnson, decided at the July term,* 1861, 5 *Minn.,* 273.   It is not necessary, therefore, to criticise the affidavit of Herr, as to its sufficiency, about which doubts were entertained on the argument.

The counsel was correct in selecting the Court in which the judgment against his client was rendered as the tribunal in

which to move for the setoff, as that Court alone has power to control directly the proceedings on the judgment. The District Court could only enforce a setoff so as to satisfy the judgment in this Court, by attachment, while we can, by order, act directly upon the record. *Cook vs. Smith,* 7 *Hill,* 186.

The judgments should be set off against each other, the lesser one satisfied, and the greater satisfied *pro tanto.* The execution that has been issued on the judgment in this Court is perpetually stayed.