MOSES A. BROOKFIELD v. COBB S. HUGHSON AND T. P. SKELLINGER.

A motion to set off a judgment obtained in this court against a judgment in the Court of Common Pleas must be made in that court where the judgment against the mover was obtained.

This is an application on behalf of the plaintiff in this cause for a rule to set off a judgment obtained against him by Theodore P. Skellinger, one of these defendants, in the Court of Common Pleas for the county of Morris, on appeal from the judgment of a justice's court.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the rule, *John B. Vreeland.*

*Contra, H. C. Pitney.*

The opinion of the court was delivered by

REED, J.   I think this application is not addressed to the proper court.

The mover for the rule has a judgment here which he controls.

One of the defendants in the action here has a judgment against the mover in the Court of Common Pleas of Morris county, which he controls.

Each court has control of its own judgments and executions and the fruits thereof.  The disposition of the money raised by the execution in the Common Pleas would be entirely a question for that court.  The propriety of entering satisfaction of its judgment is equally a question addressed to its consideration.

Fenaille v. Coudert.

An order made by this court upon an application of this nature, that the judgment in the Common Pleas should be partly or entirely satisfied by an application to it, if the judgment in this court would have no efficacy in itself.

The judgment against which the mover here is asking protection would still stand unsatisfied.

The only way by which such an order could be utilized would be by preventing the owner of that judgment from asserting the right which he would still have to sue out or enforce execution upon his judgment in the other court.

This could only be accomplished by using the power of this court over him as a party to the judgment here, and punishing him for a contempt of the order here entered should he attempt to use his judgment in the Common Pleas.

Now, by making his application to the Common Pleas, where the judgment which he is seeking to have satisfied is entered, he is in a tribunal whose order at once accomplishes the end which he desires.

The order allowing the set-off *proprio vigore* operates to extinguish, in part or wholly, the judgment against him.

It is apparent, therefore, why it has been held that the motion must be made in the court where the judgment against the moving party was obtained. *Cooke* v. *Smith*, 7 *Hill* 186; *Dunkin* v. *Vandenbergh*, 1 *Paige* 622; *Taylor* v. *Williams*, 14 *Wis.* 155; *Irvine* v. *Myers & Co.*, 6 *Minn.* 562; *Waterman on Set-Off*, § 379.

Rule refused.