LINDSAY v. PETTIGREW (KIRBY, Intervener).

An attorney's lien is so far subject to the equities arising out of and existing between the parties to an action, that a judgment on appeal for costs against the plaintiff may be set off *pro tanto* against a similar judgment in the same action in plaintiff's favor, without regard to such lien of the attorney.

(Syllabus by the Court.    Opinion filed Feb. 19, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Elisha E. Lindsay against Frederick W. Pettigrew. Joe Kirby intervenes. From an order of the trial court denying an application to set off a judgment for costs in defendant's favor against a judgment in plaintiff's favor, defendant appeals. Reversed.

The facts are stated in the opinion.

*Bailey & Voorhees*, for appellant.

In cases where the mutual judgments arise from the same action, the right to set off is superior to the attorney's lien. Dunkin y. Vanderbergh, 1 Paige Ch. 622; Porter v. Lane, 8

Johns. Rep. 357; Spence v. White, 1 Johns. Cas. 102; Ross v. Dole, 13 Johns. R. 306; Cooper v. Bigelow, 1 Cow. 206; Mohawk Bank v. Burrows, 6 Johns. Ch. 317; Irvine v. Meyers, 6 Minn. 562; Yorton v. Ry. Co., 62 Wis. 367.

*Joe Kirby,* for respondent and intervener.

The attorney's lien was paramount to any rights of the appellants' offset.    Hroch v. Aultman & Taylor Co., 3 S. D. 477, S. C. 54 N, W. 269; Johnson v. Ballard, 44 Ind. 270.

FULLER, J.    This appeal is from an order of the trial court denying an application to set off *pro tanto* a judgment for costs, entered in defendant's favor against plaintiff, in an action in which plaintiff obtained the judgment against defendant, which is sought to be made the subject of a set-off.    Practically, but one question of law is presented, and the essential undisputed facts are, in effect, as follows:    The original trial of the cause resulted in a judgment for plaintiff, which was reversed on appeal to this court (52 N. W. 873). and a new trial was ordered. The costs were taxed herein against the plaintiff in defendant's favor at $188.25, and judgment therefor was accordingly entered in the circuit court.    A retrial in that court resulted in a judgment for defendant, which was also reversed on appeal, and the costs were taxed in plaintiff's favor against defendant at $69.85.    Immediately after judgment therefor was docketed in the court below, the intervener herein, Joe Kirby, Esq., who had been plaintiff's attorney at all times during the litigation, filed an attorney's lien for the full amount of said judgment, and caused execution to be issued thereon, and the property of the defendant to be seized thereunder.    All interested parties were before the court.    Plaintiff was insolvent; the lien was effectually docketed as required by Subdivision 4 of Sec. 470 of the Compiled Laws; and there is no dispute as to the reasonableness of the amount claimed as attorney's fees.    The judgments are mutual, final, and for costs, having the effect and force of judgments of the circuit court.    Respondent's contention that

the application to set off one against the other cannot be entertained because the same was not made in this court is without merit. Comp. Laws, § 5109; Laws 1893, Chap. 58. The question is, was the defendant, notwithstanding the attorney's lien, entitled to have his judgment set off *pro tanto* against plaintiff's judgment, obtained in the same court and in the same action?

While an attorney's lien asserted and perfected as required by statute, prior to an application to set of mutual judgments obtained in the same court, though in different actions, is superior to the right of a judgment debtor (Hroch v. Aultman & Taylor Co., 3 S. D. 477, 54 N. W. 269), we are inclined to believe that a different rule should be applied to judgments rendered in the same action. For the protection of the lawyer through whose exertions his client's interests have been preserved and his rights secured, a lien equitable in its nature is allowed upon the interest of such cliant in the judgment obtained; but, when each litigant has obtained a judgment in the same action, there are equities which may be adjusted between the parties without reference to the lien of the attorney for either. In the case before us the plaintiff is insolvent; and, by the order appealed from, the defendant, although a prevailing party is in effect required to pay plaintiff's attorney. Our conclusion that the judgments rendered in this action should be set off *pro tanto* one against the other, although plaintiff's attorney be thereby deprived of a portion of the amount secured by his lien, in no manner intrenches upon our former decision, and is amply sustained by authority. Weeks, Attys. at Law (2d Ed.) 770; Yorton v. Railroad Co., 62 Wis. 367, 21 N. W. 516, and 23 N. W. 401; Irvine v. Myers, 6 Minn. 562 (Gil. 398.)

Cases inconsistent with the view herein expressed are, indeed, few in number, and were apparently decided without careful consideration. Under the well-established equitable rule, a solicitor's lien could not be enforced in a manner that would interfere with equities existing between the parties, arising out of the same action or proceeding, but an attorney's

lien could not be defeated by setting off judgments for costs, rendered in different actions between the same parties. Mr. Jones, at pages 216, 217, of the first volume of his work on Liens, states the prevailing rule and declares the governing principle to be that, "where a solicitor is employed in a suit or action, he must be considered as having adopted the proceeding from the beginning to the end, and acted for better or worse. His client may obtained costs in some matters in the suit or action, and not in others, and the solicitor takes his chance and may ultimately enforce his lien for any balance which may appear to be in favor of his client.  *  *  *  The lien of an attorney upon a judgment is upon the interest of his client in the judgment, and is subject to an existing right of set off in the other party to the suit.  In other words, an attorney can have a lien for an amount no greater than what is actually found to be owing by the opposite party to his client.  It is subject to the equitable claims of the parties in the cause.  Shirts v. Irons, 54 Ind. 13; Renick v. Ludington, 16 W. Va. 378; Bank v. Eyre, 8 Fed. 733; Porter v. Lane, 8 Johns. 357; Ross v. Dole, 13 Johns. 306; Cooper v. Bigalow, 1 Cow. 206.  In Porter v. Lane, *supra*, the court says: "The plaintiff's attorney has a lien for his costs only in the net balance due, after the defendant's charges in that suit are deducted.  The attorney acts upon the credit of his client, and his lien cannot interfere with the equitable arrangement between the parties.  It is subject to the equitable claims of the parties."  From the head notes in Dunkin v. Vandenbergh, 1 Paige 622, we quote the following: "A party against whom a decree for costs has been made will not be permitted to off set against such costs a decree or judgment in his favor in relation to a distinct matter to the prejudice of the solicitor's lien.  But where different claims arise in the course of the same suit, or in relation to the same matter, they may be arranged and off set agreeable to equity, without reference to the lien of the solicitor.  The solicitor's lien is only on the clear balance due to his client after all the equities arising out of that particular litigation are settled."

Where judgments are rendered in the same action, the weight of authority, as well as the better reason, sustains the rule that an attorney's lien, being upon the interest of his client only in the judgment obtained, is subject to the right of set off given by the statute to the parties. The judgments therefore, against and in favor of each party to this action, should be set off in accordance with defendant's application. The order appealed from is reversed, and the case is remanded for further proceedings not inconsistent herewith.