## GARRIGAN v. HUNTIMER et al.   (KIRBY, Intervener.)

The fact that the clerk of the Supreme Court, in a remittitur, failed to name all the prevailing parties to a judgment for costs on appeal, but designated two of them by the term "et al.," the judgment being so docketed in the lower court, does not operate to annul the judgment in favor of the parties not named, where they were parties to the action, and had never been eliminated.

An attorney's lien on a plaintiff's judgment for costs on appeal, in an action where defendant has also obtained a judgment for costs on appeal, is not superior to the equities of the parties which permit the plaintiff to set off his judgment against that of the defendant.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Mary Garrigan against Joe Huntimer, Charles B. Huntimer, and F. J. Huntimer; Joe Kirby, intervenes. From an order granting an application to set off a judgment for costs in

favor of plaintiff against a judgment for costs for defendants, the intervener appeals. Affirmed.

See 20 S. D. 182, 105 N. W. 278.

*Joe Kirby,* in pro. per *Robertson & Dougherty,* for respondent.

FULLER, P. J. On this appeal by an intervener having filed an attorney's lien, the ultimate question is whether the trial court should be sustained in the pro tanto set-off of reciprocal judgments for costs entered in an action for damages by plaintiff, Mary Garrigan, against the defendant Joe Huntimer, as principal, and his codefendants, as sureties, on a retail liquor dealer's bond given pursuant to statute in the sum of $2,000. The trial of the action on the merits resulted in a judgment entered on December 6, 1902, in favor of plaintiff and against the defendants Joe Huntimer, as principal, and Charles B. Huntimer and F. J. Huntimer, as sureties, for $1,200 and costs. At the October, 1903, term of this court, the judgment was reversed on appeal, with the direction that a new trial be had, and it was ordered and adjudged that appellant have and recover of the respondent costs and disbursements taxed and allowed at $111.30, as shown by the certificate of the clerk of this court attached to the remittitur wherein the parties are described and the case designated as "Mary Garrigan, Plaintiff and Respondent, versus Joe Huntimer et al., Defendants and Appellants." At the expiration of 30 days, and during the month of November immediately following, this remittitur and judgment, together with the record and files used on appeal, were transmitted from this court to the circuit court, where by some inadvertence nothing was filed or docketed until five days after the death of Joe Huntimer, which occured on the 15th day of April, 1905. At this time, over his seal and official signature, the clerk of the circuit court docketed the judgment of this court, and made an entry on the bottom of the remittitur as follows: "On reading and filing the foregoing it is ordered that the defendants, Joe Huntimer et al., have and recover of the plaintiff Mary Garrigan the sum of one hundred and eleven dollars and thirty cents." At the preliminary call of the calendar for the April, 1905, term of the circuit court, upon which the case had been regularly placed for trial, the death of the principal defendant, Joe Huntimer, was suggested, and for that reason

a judgment in abatement of the action was entered on motion of counsel for the defendants. From the judgment thus abating and dismissing her action, plaintiff appealed to this court, and secured a reversal on the merits and a judgment against defendants for $70.50 costs and disbursements which was duly docketed and entered in the circuit court on the 9th day of March, 1906. Thereupon plaintiff's counsel, Joe Kirby, Esq., made his lien on such judgment effective in the manner provided by statute, and obtained leave to intervene in the proceeding to set off pro tanto, one against the other, the two similar judgments for costs entered in the action on appeal.

For the reason that the clerk of this court on the decision of the first appeal failed to name the prevailing parties, Charles B. Huntimer, and F. J. Huntimer, in the remittitur, but designated the defendants as "Joe Huntimer et al.," and the judgment of this court was so docketed and entered in the judgment book of the circuit court, the intervener maintains that no judgment exists in favor of these surviving defendants, and that the order granting a pro tanto set off of the judgment for costs must be reversed for the lack of mutuality. To recover on an undertaking executed by these defendants as sureties, they were expressly made parties to the record and defndants in the action, and judgment was demanded in the complaint against the principal defendant and obligor, Joe Huntimer, in the sum of $5,000 damages and against the defendants Charles B. Huntimer and F. J. Huntimer, as sureties on the bond, in the sum of $2,000, together with the costs and disbursements of the action. As these defendants were confessedly parties to the action, and have never been judicially eliminated, it would be absurd to hold that the judgment in their favor for costs on appeal to this court was nullified by the act of the clerk in denominating the defendants as "Joe Huntimer et al." "Et al., in everyday use in writs, pleadings, styles of cases, and entries in minutes and dockets, means 'and another,' or 'and others,' as the case may be." Anderson's Law Dict.

To prevent the application of the doctrine announced in the case of Lindsay v. Pettigrew, 8 S. D. 244, 66 N. W. 321, no super-

ior equities are shown to exist in favor of the attorney's lien, and, as the judgment for costs in favor of plaintiff was properly applied on the judgment for costs in favor of defendants, the order appealed from is affirmed.