**SHIMA v. SHIMA et al. (two cases).**

**Nos. 7841, 7923.**

United States Court of Appeals for the District of Columbia.

Argued March 9, 1942.

Decided April 20, 1942.

Mr. R. E. Wellford, of Washington, D. C., for Sobretta Brown Shima, appellant in No. 7841 and appellee in No. 7923.

Mr. John Wattawa, with whom Mr. Vivian O. Hill, both of Washington, D. C., was on the brief, for Jesse S. Shima, one of the appellees in No. 7841 and appellant in No. 7923.

Messrs. George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., and Henry R. Gower, all of Washington, D. C., entered appearances for the Union Trust Co. in No. 7923.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

These are cross-appeals in a wife's suit for limited divorce on the ground of cruelty. She appeals from a judgment dismissing her complaint. Her husband's counterclaim for divorce on the ground of adultery was denied because he had not been for one year a resident of the District of Columbia.[1] He has not appealed from that denial. He moved to dismiss his wife's complaint, on the ground that the marriage was invalid. The court found the contrary, and he appeals from that finding.

The wife had formerly married one Phillips. That marriage was annulled by a decree of the Chancery Court of Leflore County, Mississippi. Phillips, but not the wife, was then domiciled there. She was not served with process there, or anywhere else except by publication, and entered no appearance. The present husband contends that the Mississippi annulment, and so the wife's later marriage to him, was invalid. Whether or not the annulment was entitled to full faith and credit here, it was within the power of the District Court to recognize it.[2]

The District Court found, on sufficient evidence, that the wife committed adultery without her husband's connivance. His suspicions of her, his failure to put obstacles in her way, and his desire for divorce, do not amount to connivance. The court ruled that her adultery was a defense to her suit for divorce. We need not determine that question since, as the court also found, she failed to prove cruelty.

In our opinion, the other assignments of error are without merit.

Affirmed.

---

[1] D.C.Code (1929), Tit. 14, § 61; (1940) § 16—401.

[2] Hellmuth v. Hellmuth, 69 App.D.C. 64, 98 F.2d 431. Cf. Goodloe v. Hawk, 72 App.D.C. 287, 113 F.2d 753; Saul v. Saul, 74 App.D.C. 287, 122 F.2d 64.