## SHIMA v. SHIMA et al.
### No. 8393.

United States Court of Appeals.
District of Columbia.
Argued Nov. 5, 1943.
Decided Dec. 27, 1943.

Mr. John Wattawa, of Washington, D. C., with whom Mr. Vivian O. Hill, of Washington, D. C., was on the brief, for appellant.

Mr. Richard E. Wellford, of Washington, D. C., with whom Mr. Simon R. Golibart, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The appellee Sobretta Brown Shima sued her husband, the appellant Jesse S. Shima, for divorce. Before trial she sued out an injunction which tied up his funds in the Union Trust Company. The District Court later dismissed her suit, both because it was groundless and because she had committed adultery. But the court taxed appellant with appellee's counsel fees and costs. It also referred to the auditor the question of the amount of damages, if any, which ap-

pellant had sustained "by reason of the wrongful or inequitable suing out of said injunction." Cross appeals were taken, but there was no appeal from the award of counsel fees and costs. This court affirmed the judgment.[1]

Appellee, the wife, then secured an attachment and garnishment of appellant's funds in the hands of the Union Trust Company for the amount of counsel fees and costs. Appellant moved to stay condemnation of his funds pending determination of the question which had been referred to the auditor. On August 27, 1942, the court denied appellant's motion and granted appellee's counter-motion for condemnation. On August 28 appellee purported to assign to counsel her claim to costs and counsel fees. On August 29 appellant noted his appeal from the order of August 27. On September 16, 1942, the Union Trust Company paid to appellee's counsel the amount of the fees, with interest.

Appellant's contention is that he should be allowed to set off, against the counsel fees which he has been required to pay, the damages which may be found to be due him because of the wrongful or inequitable suing out of the injunction.

 The trial court may in its discretion, and ordinarily does, award counsel fees to a wife regardless of the outcome of her divorce suit.[2] The right to fees is vitiated neither by matrimonial misconduct on her part nor by the fact that her suit is groundless. The practice in this jurisdiction is to order the fee paid directly to the attorney.[3] His right to collect fees, when the trial court sees fit to award them, should no more be vitiated by his client's wrongful conduct in connection with the suit than it is by her misconduct before suit. If the claim to fees were regarded as

her property, her husband would be entitled to set off against it the damages which he suffered by reason of her wrongful conduct in the suit,[4] and she could not defeat his right of set-off by assigning her claim.[5] But sound policy requires that an attorney who conducts the wife's case properly be regarded as having a claim of his own, independent of and superior to any claim of hers, in order that attorneys may be confident of collecting their fees and therefore ready to undertake the cases of impecunious wives.

 No such considerations require that an attorney who does not conduct the wife's case properly be regarded as having a claim superior to hers. No reason appears why counsel who knowingly participate, to the husband's injury, in the wife's wrongful or inequitable conduct in connection with the suit, should be assisted by the court in collecting a fee from the injured husband. In this case the same attorney who procured the injunction has been permitted to collect a fee from the enjoined funds, although the court had expressly raised the question whether the suing out of the injunction was "wrongful or inequitable" and had not decided that question with respect either to the wife or to the attorney himself. The question is not for us to decide and we express no opinion upon it. But it appears on the face of the record, and until the District Court has decided it we think appellant should not be required to pay the attorney's fee.

 Attorneys' liens are of an equitable nature.[6] We think a court's action in forcing a husband to pay the fee of a wife's attorney should likewise be limited by equitable considerations. It would be inequitable to require the husband to pay if it should be found that the attorney knowingly participated in wrongful or in-

[1] Shima v. Shima, 75 U.S.App.D.C. 370, 130 F.2d 809.

[2] D.C.Code 1940, § 16—410.

[3] Myers v. Myers, 55 App.D.C. 224, 4 F.2d 300; Tendler v. Tendler, 56 App. D.C. 296, 12 F.2d 831; Boardman v. Carey, 62 App.D.C. 152, 65 F.2d 600.

[4] Cf. note 6, infra; also North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U.S. 596, 615, 616, 14 S.Ct. 710, 38 L.Ed. 565.

[5] D.C.Code 1940, § 16—1904.

[6] Continental Casualty Co. v. Kelly, 70 App.D.C. 320, 106 F.2d 841. See Brown, Personal Property, (1936) 503, 504. A claim of a judgment debtor against the

judgment creditor, which arose in the same action or in connection with the same subject matter, is allowed to defeat, by way of set-off, the lien of the judgment creditor's attorney upon the judgment, Lindsay v. Pettigrew, 8 S.D. 244, 66 N.W. 321; Rayworth v. Henry, 163 Wis. 404, 158 N.W. 57. Cf. Tiffany v. Stewart, 60 Iowa 207, 14 N.W. 241; State ex rel. Hinde v. United States Fidelity & G. Co., 135 Mo.App. 160, 115 S.W. 1081, unless "superior equities are shown to exist in favor of the attorney's lien." Garrigan v. Huntimer, 21 S.D. 269, 111 N.W. 563, 564.

equitable conduct, in connection with the suit, which inflicted damage upon the husband. If that should be found, the husband should be allowed to set off the damage he sustained against the attorney's claim to a fee.

■■ Appellee stresses the fact that no appeal was taken from that part of the original judgment which allowed counsel fees. It is true that the allowance of fees has long since become final. But the judgment which allowed fees determined neither the facts nor the law with regard to the question of set-off. Appellee points out that the attorney is not named as a party in this appeal. But the District Court's power to regulate the professional conduct of its officers will enable it to require him to repay the fee which he collected while this appeal was pending, if it finds after a proper hearing that he is not entitled to retain it.

Reversed.