## SHIMA v. SHIMA.
### No. 8791.

United States Court of Appeals
District of Columbia.

Decided March 12, 1945.

Mr. Vivian O. Hill, of Washington, D. C., with whom Mr. John Wattawa, of Washington, D. C., was on the brief, for appellant.

No appearance or brief filed for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

This case is a sequel to another of the same name No. 8393, decided by this court on December 27, 1943. There it appeared that Sobretta Brown Shima had sued her husband, Jesse S. Shima, for divorce and secured an injunction which tied up his funds in the Union Trust Company. The District Court dismissed her suit, but it taxed Jesse S. Shima with counsel fees and costs on behalf of the wife. It also referred to its auditor the question of the amount of damages, if any, which Jesse S. Shima had sustained by reason of the wrongful or inequitable suing out of the injunction. On that appeal, we held: "Attorneys' liens are of an equitable nature. We think a court's action in forcing a husband to pay the fee of a wife's attorney should likewise be limited by equitable considerations. It would be inequitable to require the husband to pay if it should be found that the attorney knowingly participated in wrongful or inequitable conduct, in connection with the suit, which inflicted damage upon the husband. If that should be found, the husband should be allowed to set off the damage he sustained against the attorney's claim to a fee."[1]

On May 17, 1943, the same attorney filed another suit on behalf of Sobretta Brown Shima for absolute divorce on the ground of voluntary separation for five consecutive years without cohabitation. On March 7, 1944, following a trial upon the merits, the District Court dismissed her complaint and awarded an absolute divorce, to appellant, upon the ground of adultery; but in its decree the court provided that Jesse S. Shima should pay attorneys' fees (to the same attorney) in the amount of $300 for his services to Sobretta Brown Shima.

[1] Shima v. Shima, 78 U.S.App. 265, 266, 267, 139 F.2d 533, 534, 535, 150 A.L.R. 1179.

Appellant then moved for stay of execution upon that part of the judgment which directs the payment of $300 for attorneys' fees, until a determination had been made, under the proceedings before the auditor in the earlier case, of the amount of damages, if any, due appellant from appellee and from her attorney. This motion was overruled and the present appeal followed. No appearance was made by appellee.

The order overruling appellant's motion must be set aside. The determination of the auditor in the earlier case being still unmade, his right to a set-off against the attorney's claim to a fee is also still undetermined. Consequently, he is entitled to a stay of execution. This is true as respects the fee allowed in the second case, equally as of the first one. The generally recognized rule, as stated by the Supreme Court, is that: "Cross-demands and counterclaims, whether arising out of the same or wholly disconnected transactions, and whether liquidated or unliquidated, may be enforced, by way of set-off, whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice." [2] For this purpose, under such circumstances as here present, it is not necessary even to plead failure to do equity. As this court said in Brownley v. Peyser: "a failure to do equity need not be pleaded by the defendant 'where the pleading on behalf of the plaintiff or the proof discloses the inequitable position of the plaintiffs. A court of equity may, and frequently does, refuse to entertain a party's application for relief where the facts disclose that the party seeking the relief must do, or offer to do, equity before the court in good conscience may grant him the relief sought.'" [3] Here the matter was one of record in the same court and was brought fully to the attention of the trial judge by appellant's motion.

The auditor should be required to make and file his report without thirty days and the whole controversy between these persons should be finally disposed of by the District Court without further delay.

The case will be remanded with instructions to stay execution as prayed.

Reversed.

2 North Chicago Rolling Mill Company v. St. Louis Ore & Steel Company, 152 U.S. 596, 615, 14 S.Ct. 710, 715, 38 L. Ed. 565.

3 Brownley v. Peyser, 69 App.D.C. 56, 60, 98 F.2d 337, 341; see Central Kentucky Natural Gas Co. v. Railroad Commission of Kentucky, 290 U.S. 264, 271, 54 S.Ct. 154, 78 L.Ed. 307; Buchhalter v. Rude, 10 Cir., 54 F.2d 834, 839; Farmers' Loan & Trust Co. v. Denver L. & G. R. Co., 8 Cir., 126 F. 46, 50; see Inland Steel Co. v. United States, 306 U. S. 153, 156, 59 S.Ct. 415, 83 L.Ed. 557.