## HELLMUTH v. HELLMUTH. *
### No. 6983.

United States Court of Appeals for the District of Columbia.

Decided May 23, 1938.

Jean M. Boardman and Albert W. Fox, both of Washington, D. C., for appellant.

Louis Ottenberg and H. Max Ammerman, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellant and appellee were respectively wife and husband. On February 17, 1925, they executed a contract which recited that they had theretofore separated, had finally abandoned all intention of resuming marital relations, had agreed to live separate and apart, and that appellee .agreed to pay $35.00 per month to appel-

*Writ of certiorari denied 59 S.Ct. 92, 83 L.Ed. —.

lant for support and maintenance. Appellant continued thereafter to live in the District of Columbia. Appellee in 1926 became, and continued thereafter to be, a bona fide resident of Maryland. He continued regularly to pay the maintenance installments. In December, 1929, appellee commenced a suit for absolute divorce in Maryland on the ground of desertion; secured service of process upon appellant by publication, in strict compliance with the law of that state, but without attempt to secure actual service upon appellant in the District of Columbia. In March, 1930, without the knowledge of appellant, appellee was granted a decree of divorce, and, in July, 1932, remarried. In October, 1932, appellant sued appellee in the District of Columbia for a limited divorce upon the ground of cruelty. In January, 1937, she amended her bill by adding an alternative prayer that the Maryland decree be declared null and void and that she be declared the lawful wife of appellee.

The lower court entered a decree dismissing appellant's bill, and this appeal is from that decree. Appellant, on appeal, abandoned her original contentions, namely, that (1) appellee was not a bona fide resident of Maryland; (2) he failed to comply with the Maryland law as to service of process; (3) he was guilty of cruelty. And appellant assigned as error the refusal of the lower court (1) to hold the Maryland decree void, and (2) to enter a decree declaring appellant to be the lawful wife of appellee, notwithstanding the Maryland decree. In her brief she abandoned the first assignment of error, saying:

"In the assignment of errors it is contended that the Maryland decree should have been held to be void. Upon further consideration, however, it is not deemed necessary to press this contention, but it is contended that regardless of whatever validity the decree may have in Maryland it is not entitled to full faith and credit here . . . ."

And, on oral argument in this court, appellant contended only that the lower court should have denied full faith and credit to the Maryland decree and consequently should have held that appellant was still the wife of appellee. We assume, without deciding, that the question is before us on a proper assignment of error, and that the lower court had jurisdiction to render the relief sought.

432

 Even assuming the correctness of appellant's contention that the decree of the Maryland court was not entitled to full faith and credit in the District of Columbia—because Maryland was not the last matrimonial domicil of the parties (Atherton v. Atherton, 181 U.S. 155, 21 S. Ct. 544, 45 L.Ed. 794), and appellant was not subjected to the jurisdiction of the Maryland court by personal service within the state or by voluntary appearance and participation in the suit (Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1)—it does not follow that the lower court was in error in dismissing the bill. Davis v. Davis, 68 App.D.C. 240, 96 F.2d 512, decided March 7, 1938, certiorari granted, April 25, 1938, 58 S.Ct. 944, 82 L.Ed. ——. It is quite proper for the District of Columbia to recognize the decree as a matter of comity, unless considerations of public policy forbid such recognition. Davis v. Davis, supra. In the present case we think the considerations clearly favor recognition. The purpose of the suit is to destroy appellee's remarriage by declaring the appellant to be still the wife of appellee. Under the circumstances of the case we believe that it is more in the interest of public policy to validate the remarriage than to set it aside. Atkinson v. Atkinson, 65 App.D.C. 241, 82 F.2d 847. Appellant and appellee recognized their incompatibility several years ago and entered into a contract for the adjustment of their property rights. Appellee thereafter secured a divorce and remarried. In the present suit, at its inception, appellant asked for a limited decree of divorce; thus both parties have revealed their intention of living apart and that there is no possibility of a resumption of the marital relationship. Moreover, there are no children involved. In fact, there are no substantial considerations of public policy which suggest the desirability of denying recognition to the Maryland decree.

In view of our decision of the foregoing proposition, it is unnecessary to consider the other contentions of the parties.

Affirmed.