**CURLEY v. CURLEY.**

No. 7717.

United States Court of Appeals for the District of Columbia.

Decided June 2, 1941.

---

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

William J. Neale, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Appellant and appellee were married in Maryland; thereafter they lived together in Pennsylvania for approximately fourteen years, except when they were absent from the latter State in conformity with appellant's duties as an officer in the United States Navy; they separated in 1929, and have not since lived together; in 1930, appellant sued for divorce in Pennsylvania; in 1935, the bill of complaint was dismissed; in January, 1937, appellant took up residence in Florida; in May, 1937, he sued for divorce in Florida; substituted service of process was obtained by publication; appellee filed no answer and in July, 1937, a decree of divorce was entered by the Florida court.

In November, 1937, appellee filed in the District Court a bill for maintenance, in which she alleged that she was a resident of Pennsylvania and that appellant was a resident of the District of Columbia; she alleged, further, that appellant never established a bona fide residence or domicile in Florida; that he perpetrated a fraud upon the court of that State in simulating a residence and domicile there; that the courts of Florida never had jurisdiction of the marital status of the parties, and the decree of divorce was a nullity. In his answer appellant denied that he resided in the District of Columbia and alleged that he was, and had been since January, 1937, a bona fide resident of Florida; that the courts of Florida did have jurisdiction of his suit and that the decree entered therein is entitled to full faith and credit in the District of Columbia. Appellant alleged, further, that neither he nor appellee were, or have been, residents of the District of Columbia.

The District Court held that the matrimonial domicile of the parties was and ever since their marriage had been in Pennsylvania; that the matrimonial domicile of the parties was not in Florida during 1937; that the decree entered by the Florida court was not entitled to full faith and credit in the District of Columbia, or to recognition upon grounds of comity; that the decree was obtained by fraud and was void; that appellant and appellee were still husband and wife; that under the public policy of the District of Columbia, its courts had jurisdiction by reason of personal service upon appellant to compel him to support his wife, notwithstanding that neither party was a resident of the District.

■■ In our view the decision of the District Court was incorrect. It is not necessary to decide whether the matrimonial domicile was established in Florida, or whether the Florida decree was entitled to full faith and credit.[1] The evidence and the findings clearly show that appellant did establish a new domicile in Florida. Whether or not the Florida decree was entitled to full faith and credit, it may still be recognized on the ground of comity,[2] and there is nothing in the record to prevent its recognition on this ground. The District Court's findings show the falsity of appellee's contention that appellant perpetrated a fraud upon the Florida court by simulating a residence and domicile there. Consequently, there is no basis in this respect for the court's determination that fraud was committed upon the court of that State. Apparently the District Court concluded, however, that the Florida decree was procured by fraud because, it found, the allegations of the

[1] Cf. Davis v. Davis, 305 U.S. 32, 41, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Haddock v. Haddock, 201 U.S. 562, 26 S. Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; Atherton v. Atherton, 181 U.S. 155, 21 S. Ct. 544, 45 L.Ed. 794; McClintock, Fault as an Element of Divorce Jurisdiction, 37 Yale L.J. 564, 568.

[2] Kraskin v. Kraskin, 70 App.D.C. 85, 87, 104 F.2d 218, 220, certiorari denied, 308 U.S. 568, 60 S.Ct. 81, 84 L.Ed. 477; Hellmuth v. Hellmuth, 69 App.D.C. 64, 65, 98 F.2d 431, 432, certiorari denied, 305 U.S. 597, 59 S.Ct. 92, 83 L.Ed. 378; Atkinson v. Atkinson, 65 App.D.C. 241, 243, 82 F.2d 847, 849. Cf. Davis v. Davis, 68 App.D.C. 240, 244, 96 F.2d 512, 516, reversed on other grounds, 305 U. S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L. R. 1518. See Haddock v. Haddock, 201 U.S. 562, 570, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; Notes, 86 A.L.R. 1329; 39 A.L.R. 603; Strahorn, Jr., A Rationale of the Haddock Case, 32 Ill.L. Rev. 796, 808 et seq.; Strahorn, Jr., The Supreme Court Revisits Haddock, 33 Ill. L.Rev. 412.

bill filed in the Florida suit were substantially the same as the allegations of the bill filed in the Pennsylvania suit. But that conclusion does not necessarily follow. The master who saw the witnesses and heard the testimony in the Pennsylvania case reported in favor of a decree of divorce. It is quite possible, also, that the laws of Florida may declare additional or different grounds for divorce than do the laws of Pennsylvania. Moreover, as the District Court found that the parties did not live or cohabit together at any time after the separation in 1929, it can hardly be contended that there was condonation of any existing grounds for divorce.[3] In view of these considerations, and in light of the record as it exists in the present case, the conclusion that fraud was practiced upon the Florida court is not warranted.

Finally, the considerations just mentioned emphasize the fact that the public policy of the District of Columbia does not require its courts to take jurisdiction of a matrimonial dispute between two persons who are neither domiciled in the District nor even residents thereof; especially where there is no showing that the welfare of children, rights of property, or other public interests, in the District are in any way affected.[4] To the contrary, it is much more consistent with public policy, under the circumstances of the present case, that there shall be no interference with the judgment of the Florida court, or attempt to mediate whatever differences there may be between these residents of Pennsylvania and Florida.

Reversed.

---

[3] Phelps v. Phelps, 28 App.D.C. 577; Marshall v. Marshall, 55 App.D.C. 173, 175, 3 F.2d 344, 346, 40 A.L.R. 624; Pedersen v. Pedersen, 71 App.D.C. 26, 30, 107 F.2d 227, 231.

[4] Kraskin v. Kraskin, 70 App.D.C. 85, 88, 104 F.2d 218, 221, certiorari denied, 308 U.S. 568, 60 S.Ct. 81, 84 L.Ed. 477; Hellmuth v. Hellmuth, 69 App.D.C. 64, 65, 98 F.2d 431, 432, certiorari denied, 305 U.S. 597, 59 S.Ct. 92, 83 L.Ed. 378; Atkinson v. Atkinson, 65 App.D.C. 241, 243, 82 F.2d 847, 849. Cf. Delanoy v. Delanoy, 216 Cal. 27, 13 P.2d 719, 86 A. L.R. 1321, and note.