## SIMONS et al. v. SIMONS.
### No. 10765.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1950.

Decided Feb. 8, 1951.

Mr. Donald S. Caruthers, Washington, D. C., with whom Mr. Albert C. Borghi, Washington, D. C., was on the brief, for appellants.

Mr. George L. Hart, Jr., Washington, D. C., with whom Mr. Edward S. Northrop, Washington, D. C., was on the brief, for appellee.

Before CLARK, PROCTOR and KIMBROUGH STONE (retired),* Circuit Judges.

PROCTOR, Circuit Judge.

This action for maintenance was filed in the District Court by Ruth C. Fjelstad in behalf of appellants, her minor sons, against appellee, their father and her former husband. He moved to dismiss the complaint upon the ground that as none of the parties were residents of the District of Columbia and "the welfare of children, rights of property, or other public interests in the District of Columbia" were not affected, the court should decline to take jurisdiction of the case. The motion was granted and this appeal follows. The record shows the boys and their mother to be actual and legal residents of Silver Spring, Maryland, and the father to be an actual and legal resident of Alexandria, Virginia.

The action is personal, hence transitory. Cf. Vertner v. Vertner, 1934, 63 App.D.C. 179, 70 F.2d 783. Therefore, the court had discretionary authority to exercise jurisdiction, notwithstanding nonresidence of the parties, or to apply the doctrine *forum non conveniens* and decline to do so. Curley v. Curley, 1941, 74 App.D.C. 163, 120 F.2d 730, certiorari denied, 1941, 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494; Melvin v. Melvin, 1942, 76 U.S.App.D.C. 56, 129 F.2d 39; Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

In our opinion there was no abuse of discretion. On the contrary, the court's action in refusing to take jurisdiction seems fairly justified.

* Sitting by designation.

Obviously the action can be prosecuted in the adjoining county of Virginia, but a few miles from appellants' home, with little, if any, more inconvenience or difficulty than in the District of Columbia, and probably with greater expedition.

There is no suggestion, and no reason to suppose, that appellee will avoid any judicial process or order in Virginia, for the record shows he has faithfully performed a long-standing agreement with his former wife for support of herself and the children. This indicates that he will likely comply with any obligation judicially imposed.

■ The crowded calendars of the District Court, with consequent long delay in the disposition of cases, are also important factors to be considered. This involves a public interest which should not be disregarded. Gulf Oil Corporation v. Gilbert, supra at 330 U.S. 508, 67 S.Ct. 843, 91 L. Ed. 1055. In such circumstances it is only proper that foremost consideration should be given to litigants who must of necessity use the local courts.

Affirmed.