**GILL v. GILL.**

No. 10979.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 2, 1951.

Decided Nov. 15, 1951.

Ralph R. Sachs, Washington, D. C., for appellant.

Cornelius H. Doherty, Washington, D. C., for appellee.

Before CLARK, PROCTOR, and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant, wife of appellee, sued for maintenance in the District Court. The parties were married in France, November 22, 1948. Since December 8, 1948, they have resided together at their home in Arlington County, Virginia, and were so doing when this suit was filed. Neither claims residence or domicile in the District of Columbia. There are no children. The wife is employed and receives a regular income of $237.60 per month. The husband is an Army Colonel assigned for a short period of duty at Fort McNair in the District of Columbia, to which he goes each day from their home in Virginia.

Upon appellee's motion, the court applied the doctrine *forum non conveniens* and dismissed the suit. This appeal follows.

We think the court acted well within its discretion. See Curley v. Curley, 1941, 74 App.D.C. 163, 120 F.2d 730, certiorari denied, 1941, 314 U.S. 614, 62 S.Ct. 114, 86 L. Ed. 494; Simons v. Simons, 1951, 88 U.S. App.D.C. 180, 187 F.2d 364, certiorari denied, 1951, 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374. If Mrs. Gill has just grounds for a maintenance award the law of Virginia is adequate. Code of Virginia (1950) § 20–88.1; Heflin v. Heflin, 1941, 177 Va. 385, 14 S.E.2d 317, 141 A.L.R. 391; White v. White, 1943, 181 Va. 162, 24 S.E.2d 448; Montgomery v. Montgomery, 1944, 183 Va. 96, 31 S.E.2d 284; Williams v. Williams, 1948, 188 Va. 543, 50 S.E.2d 277. Even should we assume upon the undisputed facts that appellant could gain an award here, still, as the welfare of children, rights of property, or other public interests in the District of Columbia are in nowise affected, we see no reason for interfering with the trial court's discretionary action, especially so in view of its crowded calendars.

Affirmed.