## RICE v. SALNIER.
### No. 1157.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 13, 1951.

Decided Jan. 30, 1952.

Albert J. Ahern, Jr., Washington, D. C., for appellant.

Julian P. Lundy, Washington, D. C., with whom Jack N. Steinberg, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

.We are asked to review an order of the Municipal Court refusing to quash a writ of attachment before judgment. Appellant is a resident of Maryland and is employed in the District of Columbia. Appellee, a resident of Virginia, sued in debt, and at the time of filing suit he obtained a writ of attachment before judgment based on the sworn allegation that defendant was a non-resident, as authorized by Code 1940, § 16–301. Under the writ certain monies of appellant in the District were seized.

In appellant's brief his position is stated in varied and generalized terms, but the appeal seems to center around two basic contentions: (1) that because plaintiff was a non-resident the statute gave him no right to sue out a writ of attachment before judgment, and (2) that even if such statutory right existed, the Municipal Court abused its discretion by refusing to quash the attachment proceedings under the doctrine of forum non conveniens.

Generally there is no restriction on the right of a non-resident to file a suit in the Municipal Court, it being provided by Code, § 11–719 that such suits may be filed without first giving security for costs and that upon motion such security may be

ordered filed. Appellant does not seem to question this right of a non-resident to file a suit in the Municipal Court; but he does challenge the right of such non-resident to avail himself of the right of attachment before judgment. Such attachments are authorized by Code, § 16–301. That section, insofar as it affects this situation, is uncomplicated and hedged around by no restriction. It provides simply that "In any action at law * * * for the recovery of * * * a debt * * *" if the plaintiff files an affidavit setting out as one of his grounds that the defendant "is not a resident of the District," the clerk shall issue the writ of attachment.[1] The only other requirement is that the plaintiff shall file a bond in twice the amount of his claim to protect the defendant.

██ There is nothing in that section or elsewhere in our Code which limits to residents the right to such an attachment. There is no statutory justification for ruling that though a non-resident may file a suit in the courts of the District, he may not implement such a suit by the attachment before judgment authorized by the statute for the purpose of reaching the assets of a defendant who also happens to be a non-resident. We know of no decision of any of the local courts which has ever attempted to impose such a restriction, and we think none should be imposed in this case. This question has been thoroughly discussed in the annotation entitled "Foreign attachment or garnishment as available in action by a non-resident against nonresident or foreign corporation upon a foreign cause of action." Standard Oil Co. v. Superior Court, 5 Terry, Del., 538, 62 A.2d 454, 14 A.L.R.2d 405, appeal dismissed without opinion 336 U.S. 930, 69 S.Ct. 738, 739, 93 L.Ed. 1090, rehearing denied 336 U.S. 955, 69 S.Ct. 879, 93 L.Ed. 1109.

Appellant's next proposition is based on the doctrine of forum non conveniens. He argues that even if the Municipal Court had jurisdiction, it should have declined to exercise it and should have dismissed the attachment proceedings, and that it was an abuse of discretion to overrule his motion to quash. Among others, he relies on certain divorce or matrimonial cases. But it will be seen at a glance that those have no application here, since such litigation is governed by a specific residence requirement. Code, § 16–401.

██ He also relies on Simons v. Simons, 88 U.S.App.D.C. 180, 187 F.2d 364, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374, where it was held not to be an abuse of discretion to dismiss a maintenance action where the plaintiff was a resident of Maryland and defendant a resident of Virginia.[2] But in that decision it was clearly recognized that the trial court had "discretionary authority to exercise jurisdiction, notwithstanding nonresidence of the parties, or to apply the doctrine *forum non conveniens* and decline to do so." The opinion cited Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055. There the Supreme Court set forth the considerations which should be weighed in determining the proper application of the rule of forum non conveniens. Directly applicable to this situation was this language: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." On the basis of what was shown in the trial court, we can not say that "the balance is strongly in favor of the defendant". His motion recited merely that, "Since both plaintiff and defendant are non-residents and the situs of the debt is in Maryland, the doctrine of forum non conveniens is applicable, and this court should decline jurisdiction." This statement was not supported by affidavit nor was any proof tendered in support thereof. In his brief in this court, appellant has enlarged his contentions and has stated facts tending to support his claim that the effect of the attachment proceeding was to arm plaintiff with certain unfair advantages. But even if we could accept these charges

---

1. This is a general statute and applies to suits in the United States District Court as well as the Municipal Court.

2. Cf. Wiren v. Laws, 89 U.S.App.D.C. ——, 194 F.2d 873.

at face value, we think we still would have no right to say that the trial court abused its discretion by refusing to quash the attachment. We have examined various cases cited by appellant and we think they are either inapplicable to the facts before us or are entirely unpersuasive on the question of abuse of discretion.

Affirmed.