**Joe W. COLLINS, as Committee for Travious Riddle Collins, Incompetent, Plaintiff,**

v.

**AMERICAN AUTOMOBILE INSURANCE COMPANY OF ST. LOUIS, MISSOURI, Defendant.**

United States District Court, S. D. New York.

Feb. 3, 1955.

Gay & Behrens, New York City, for plaintiff. Edward J. Behrens, New York City, of counsel.

Richard E. Joyce, New York City, John F. X. Finn and C. J. Pernicone, New York City, of counsel, for defendant.

PALMIERI, District Judge.

This is an action against an insurance company to recover damages for personal injuries sustained by T. R. Collins as a result of being struck by an automobile owned and operated by the defend-

ant's insured, one E. H. Duffy. The action is based on the Louisiana direct action statute, La.Rev.Stat., Tit. 22, § 655 (1950), LSA–R.S. 22:655, which gives an injured person the privilege of bringing an action against the insurer of the person who is allegedly responsible for the injury without having first sued that person.

The liability insurance policy upon which the action is based was issued and delivered to Duffy in Louisiana, and the accident occurred in that state. Collins and his Committee, which is the plaintiff here, are citizens of Virginia. Duffy, the alleged tort-feasor, who is not a party but will probably be called as a witness upon the trial, is a citizen of Louisiana. And the defendant insurance company is a Missouri corporation licensed to do business in Louisiana and New York.

Plaintiff moves for discovery and inspection under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. The defendant moves that the action be dismissed because (1) the complaint fails to state a claim upon which relief can be granted, and (2) the Court does not have jurisdiction over the subject matter of the action. Plaintiff responds that it is in this Court as of right because of the diversity jurisdiction of the federal district courts; 28 U.S.C. § 1332(a) (1); Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151; and the venue provisions of 28 U.S.C. § 1391(c). Since I believe that this action should be dismissed on another ground, it is not necessary for me to discuss the issues raised by the parties.

At the heart of this case lies " * * the mounting mischief inflicted on the federal judicial system by the unjustifiable continuance of diversity jurisdiction." See the concurring opinion of Mr. Justice Frankfurter in Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 54, 75 S.Ct. 151, 155.

On its merits, this case involves no federal question. In pressing his claim created by the laws of Louisiana in this Court the plaintiff is aggravating the mischief referred to; for this Court has no proximity to the place where the accident occurred or to the persons who will have to testify about the event giving rise to plaintiff's claim; and no familiarity with the law of Louisiana under which that claim will have to be adjudicated. Moreover, the state and federal courts of Louisiana are available to the plaintiff.

The picture presented by plaintiff's suit in this court is an unusual one. It is clear that the most convenient place for trial is Louisiana. The accident took place there; the alleged tort-feasor and most of the witnesses reside there; it was there that the policy was issued and delivered; the defendant has consented to being sued there; and it is a Louisiana statute, which must be construed in accordance with Louisiana decisions, that subjects defendant to this suit. Moreover, this action against an insurer based on the alleged liability of the insured is brought in a court which regards the mention of the fact that an alleged tort-feasor has liability insurance as sufficient grounds for a mistrial. See Ingerick v. Mess, 2 Cir., 1933, 63 F.2d 233; Brown v. Walter, 2 Cir., 1933, 62 F.2d 798.

I gathered from the oral argument that plaintiff's purpose in bringing suit in this Court is to obtain the benefit of the reputed largesse of New York City juries. No other reason has been suggested for plaintiff's having commenced his action in this Court. But the plaintiff's formal assertion is that he is here as a matter of right, see 28 U.S.C. §§ 1332(a) (1), 1391(c), even though it would be more convenient to try the case in Louisiana; and he relies squarely on Lumbermen's Mutual Casualty Co. v. Elbert, supra, in which the Supreme Court sustained the diversity jurisdiction of a federal court in Louisiana in a suit based upon the direct action statute. But I do not understand this holding to have affected the power of this Court to transfer this case to a federal district court in Louisiana, 28 U.S.C. § 1404(a), or to dismiss it in the exercise of its dis-

cretionary power under the doctrine of *forum non conveniens.* See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Simons v. Simons, 1951, 88 U.S.App.D.C. 180, 187 F. 2d 364, certiorari denied, 1951, 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374.

 In Gulf Oil Corporation v. Gilbert, supra, 330 U.S. at page 507, 67 S. Ct. at page 842, the Supreme Court stated:

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself."

In the Gilbert case, this Court declined jurisdiction of a tort action arising in another state between a non-resident plaintiff and a foreign corporation, even though the defendant corporation was amenable to process in New York. D.C.S.D.N.Y.1945, 62 F.Supp. 291.

 This case should be dismissed. Not only is this Court remote from the scene of the accident, and the residences of the parties and witnesses, but it is also burdened with a trial calendar for cases of this type that is some three and a half years behind. Furthermore, "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only.

There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." See Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 509, 67 S.Ct. at page 843. Plaintiff cannot be injured by the dismissal of this case because he initiated another action on the same grounds in the United States District Court for the Eastern District of Louisiana about four months after this action was begun. He may still pursue that action to judgment.

Motion for discovery and inspection denied.

Motion to dismiss granted. Case dismissed.