**Esther L. CLARK, Appellant,**

v.

**George H. CLARK, Appellee.**

No. 2192.

Municipal Court of Appeals for the District of Columbia.

Argued May 26, 1958.

Decided Oct. 2, 1958.

Raymond D. Clark, Arlington, Va., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant wife, a resident of Maryland, brought suit against her husband in the District of Columbia, seeking maintenance for herself and their minor children. The trial court found that the husband was also a resident of Maryland and that Maryland was the most convenient forum for determination of the issues in the case, and ordered the case dismissed on the ground of forum non conveniens, and refused to award counsel fees to the wife. On this appeal she says each of these actions of the trial court was erroneous.

With respect to the husband's residence, the evidence showed that the parties lived for many years in the District until the spring of 1957 when they moved to a home in Maryland purchased in their joint names. He claimed Maryland to be his residence, but admitted that his stays at the Maryland home were infrequent. He explained that his absences were due to business reasons, he being a traveling salesman. She said his absences were due to the fact that he had deserted her in 1956 and had taken up residence in Virginia, and she offered evidence that he had registered his car in that State, had paid taxes there and had voted there. Nevertheless she admitted he spent about three nights a month in the Maryland home and had stayed there even after being served with process in this case. The evidence on the subject would not warrant our holding that the trial court was plainly wrong in finding the husband to be a resident of Maryland.

With respect to the dismissal on the ground of forum non conveniens, it was ruled in Curley v. Curley, 74 App.D.C. 163, 165, 120 F.2d 730, 732, certiorari denied 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494, that "the public policy of the District of Columbia does not require its courts to take jurisdiction of a matrimonial dispute between two persons who are neither domiciled in the District nor even residents thereof; especially where there is no showing that the welfare of children, rights of property, or other public interests, in the District are in any way affected." The precise effect of the ruling in the Curley case has been the subject of some dispute. In Melvin v. Melvin, 76 U.S.App.D.C. 56, 57, 129 F.2d 39, 40, Judge Edgerton, speaking for the majority, said: "Our view was, and is, that the District Court's undoubted jurisdiction of maintenance suits between nonresidents domiciled elsewhere should not be exercised unless unusual circumstances justify trial here." Judge Stephens (76 U.S.App.D.C. at page 58, 129 F.2d at page 41) was of the opinion that "the question of the exercise or non-exercise of juris-

diction in this type of cases should be left to the discretion of the trial court, so that it may be free to apply, in the interest of justice, the doctrine *forum non conveniens* as the justice of the particular case may require, and that we should not reverse except for abuse of discretion." Judge Rutledge (76 U.S.App.D.C. at page 59, 129 F.2d at page 42) appeared to be of the opinion that the test in such cases is whether another convenient forum is available. In a footnote he quoted the following: "For the plea of forum non conveniens to succeed, it is necessary to show that some other court in a civilized country has jurisdiction."

Later cases emphasize the discretionary feature of the rule. In Simons v. Simons, 88 U.S.App.D.C. 180, 187 F.2d 364, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374, it was said that the trial court "had discretionary authority to exercise jurisdiction, notwithstanding nonresidence of the parties, or to apply the doctrine *forum non conveniens* and decline to do so." See also Gill v. Gill, 90 U.S.App. D.C. 27, 193 F.2d 34. In Hopson v. Hopson, 95 U.S.App.D.C. 285, 287, 221 F.2d 839, 842, it was said:

> "Application of the doctrine of *forum non conveniens* is entrusted to the discretion of the District Court to be exercised upon equitable considerations, and its determination may not be disturbed on appeal except for a clear abuse of this discretion."

■ In the present case there is no special or unusual circumstance which would compel the trial court to exercise jurisdiction. Even if the wife's claim that the husband is a resident of Virginia be accepted, the case is still one of a matrimonial dispute between nonresidents of this jurisdiction. See Simons v. Simons, supra, where it was held no abuse of discretion to refuse to exercise jurisdiction when the wife and children were residents of Silver Spring, Maryland, and the husband was a resident of Alexandria, Virginia. We find no abuse of discretion here.

The final claim of error relates to the refusal of the trial court to award counsel fees to the wife. The claim is that the court ruled as a matter of law that it could not make such an award. This claim is based upon a letter written by the trial court to the wife's counsel in which the court raised the question: "In a divorce action, where a wife, who is not impecunious, has paid her attorney a fee commensurate with his services,—can the Court order the husband to pay the wife a given amount as reimbursement to the wife for the fee paid?" The court answered that question by stating: "It is my opinion that under existing statutes and the opinions of the District Court, no such authority exists."

While the above referred to letter lends some support to the wife's claim that the court ruled it had no discretion in the matter, it will be noted that the court's question was limited to "reimbursement" of a given amount. The findings of fact and conclusions of law entered by the court more than a month later demonstrate an exercise of discretion. The court found that the wife had paid her counsel an adequate sum for his services, and that the wife was not impecunious and not "in need of allowance of attorney fee from defendant." The court concluded that the wife was not "entitled" to an order for counsel fees.

■■ Counsel fees may be awarded in maintenance suits,[1] but such an award is discretionary.[2] Upon dismissal of the complaint the court had authority in its discretion to either award or deny counsel fees;[3] and we think the record clearly es-

---

1. Melvin v. Melvin, 76 U.S.App.D.C. 56, 129 F.2d 39.

2. Bates v. Bates, 79 U.S.AppD.C. 14, 141 F.2d 723.

3. Neudecker v. Philpot, 85 U.S.App.D.C. 28, 174 F.2d 668; Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.

tablishes that the court in its discretion denied such fees. Again we find no abuse of discretion.

Affirmed.