**Lawrence S. GROSS and Pauline S. Gross, Appellants,**

**v.**

**Frances C. OWEN, Appellee.**

**No. 12310.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 10, 1954.

Decided March 17, 1955.

Petition for Rehearing In Banc Denied April 8, 1955.

---

Mr. Arthur J. Hilland, Washington, D. C., with whom Mr. Vincent C. Burke, Jr., Washington, D. C., was on the brief, for appellants.

Miss Agnes A. Neill, Washington, D. C., for appellee. Messrs. Edward Bennett Williams and Murdaugh S. Madden, Washington, D. C., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing the complaint on the ground of forum non conveniens, "without prejudice to the plaintiffs' right to file the action in another court." All parties and most of the witnesses reside in Maryland where appellants' claims arose from an automobile collision, allegedly caused by the appellee's negligence. Appellants assert that the District of Columbia is the most convenient forum, and that since the adoption of 28 U.S.C. § 1404(a) (1952), the District Court no longer has power to dismiss on the ground of forum non conveniens. Jurisdiction was founded entirely upon our local statute, D.C.Code § 11–306 (1951).

It is almost a truism that a plaintiff's choice of a forum will rarely be disturbed and, so far as the private interests of the litigants are concerned, it will not be unless the balance of convenience is strongly in favor of the defendant. Such considerations were urged upon the trial judge in this case, and it cannot be doubted that a trial in this District might have proved equally convenient to parties and witnesses. But the public interest may also be taken into account, and it is clear that this aspect weighed heavily in the District Court's evaluation of the over-all problem. The judge quoted from Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055: "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." The trial judge stressed the fact that our local dockets are crowded. He undoubtedly took into account that the statute of limitations in Maryland had not yet barred a new action. He certainly knew, as he remarked, that the case could not be transferred to another federal court,

and he concluded: "This is a controversy between two citizens of the Free State of Maryland. We have a congested docket here and there is no reason why this case cannot be resolved in Maryland. * * *"

We cannot say that he abused his discretion.[1]

■ But, appellants argue, § 1404(a) operates to *deprive* the District Court of power to dismiss when the doctrine of forum non conveniens is invoked. The law is exactly the reverse, for the statute took nothing from the courts. Rather it conferred a new and additional authority to transfer a proper case where previously the court had no alternative but to dismiss.[2] Only recently we pointed out an appropriate exercise of the statutory power in Blake v. Capitol Greyhound Lines, 1955, —— U.S.App.D.C. ——, 222 F.2d 25, a diversity case, founded upon a transitory tort, which could have been prosecuted in at least two other forums. There we said that if the District Court is persuaded that the action should not here be entertained, "at this late date," the action should not be dismissed but should be transferred to an appropriate district where it might have been brought. Here no other federal forum was available.

Since the standard for ascertaining a possible abuse of discretion is the same whether the court dismisses on account of forum non conveniens or transfers under § 1404(a),[3] and since we perceive the application of no erroneous principles in the exercise of the court's discretion,[4] the judgment is

Affirmed.

1. Simons v. Simons, 1951, 88 U.S.App.D.C. 180, 187 F.2d 364, certiorari denied, 1951, 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374; O'Brien v. United States, 1938, 69 App.D.C. 135, 99 F.2d 368, certiorari denied, 1938, 305 U.S. 562, 59 S.Ct. 95, 83 L.Ed. 354; Melvin v. Melvin, 1942, 76 U.S.App.D.C. 56, 129 F.2d 39; Curley v. Curley, 1941, 74 App.D.C. 163, 120 F.2d 730, 739, certiorari denied, 1941, 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494; Moore's Commentary on the Judicial Code 176 (1949).

2. Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360, 362.

3. Wiren v. Laws, 1951, 90 U.S.App.D.C. 105, 194 F.2d 873.

4. Gulf Oil Corp. v. Gilbert, supra; Koster v. Lumbermens Mutual Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Simons v. Simons, supra, note 1; Nicol v. Koscinski, 6 Cir., 1951, 188 F.2d 537; B. Heller & Co. v. Perry, 7 Cir., 1953, 201 F.2d 525; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769; Annotation, 32 A.L.R. 6; Blair, The Doctrine of Forum Non Conveniens, 29 Col.L.Rev. 1 (1929).