Mr. and Mrs. John A. WALSH, Mr. and Mrs. Americo Mosesso, Mr. and Mrs. Basile Gargone, et al., Appellants,

v.

CRESCENT HILL CO., Inc., I. L. Lewis Associates, Inc., Jolles Brothers, Inc., et al., Appellees.

No. 2031.

Municipal Court of Appeals for the District of Columbia.

Argued July 29, 1957.

Decided Sept. 16, 1957.

Frederick T. M. Crowley, Washington, D. C., with whom L. Lawrence de Nicola, Washington, D. C., was on the brief, for appellants.

Mark P. Friedlander, Washington, D. C., with whom Jacob Sandler, Washington, D. C., was on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Twenty-nine plaintiffs, all residents of Maryland, brought seven actions in the Municipal Court, claiming damages for fraud and misrepresentations concerning heating plants in newly built homes they had bought in Maryland. Named as defendants were three corporations: the builder-seller of the houses, the heating subcontractor, and the builder's selling agent.[1] On motion of plaintiffs the seven actions were ordered consolidated. Then followed a defense motion to dismiss the actions on the ground of *forum non conveniens.* In connection with that motion the trial court called on counsel to file affidavits as to the place of residence of plaintiffs, names and addresses of witnesses, and other informa-

---

1. Two individuals were also named, but they were not served with process and are not involved in this appeal.

tion bearing on the motion. After such affidavits were filed the court granted the motion to dismiss. Plaintiffs have appealed.

The doctrine of *forum non conveniens* has a long and interesting history in the common law of England and of our own country, and has been the subject of discussion in many courts including the Supreme Court and the United States Court of Appeals in this jurisdiction. One of the most comprehensive reviews of the subject is found in Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. Upholding the action of a district judge who had dismissed an action under the *forum non conveniens* doctrine, the Supreme Court ruled, inter alia, that a trial court is not required to respect a plaintiff's choice of forum; that it is not always true that a court having jurisdiction must exercise it; that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute; that among the factors to be weighed in determining whether another forum is more convenient are availability of compulsory process for attendance of unwilling witnesses and cost of obtaining attendance of willing witnesses; possibility of view of premises if view would be appropriate; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The opinion noted that there may be questions as to enforceability of a judgment, and referred to the administrative difficulties which may follow heavy filings in congested centers. The Court referred also to the oft repeated statements that a plaintiff should not be permitted to vex, harass or oppress a defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. "But," the Court continued, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at page 508, 67 S. Ct. at page 842. However, the Court prefaced all the above statements by saying, "Wisely, it has not been attempted to

catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts * * *." 330 U.S. at page 508, 67 S.Ct. at page 843. Later, discussing the question of availability of witnesses, the Court said that such matters are for the trial court "to decide in exercise of a sound discretion." 330 U.S. at page 511, 67 S.Ct. at page 844.

The highest court in this jurisdiction has consistently held that decision on the question of *forum non conveniens* is entrusted to the discretion of the trial court and that such will not be disturbed on appeal except for a clear abuse of discretion. Gross v. Owen, 1955, 95 U.S.App. D.C. 222, 221 F.2d 94, citing various earlier decisions. Hopson v. Hopson, 1955, 95 U.S.App.D.C. 285, 221 F.2d 839.

Less than a year ago, in a case in which the issue was seemingly not raised by the parties, the same appeals court took the initiative in declaring judicial policy, and said:

"In a situation of this sort we think the District Court should make inquiry at pre-trial or at the trial itself with respect to the reasons why the doctrine of *forum non conveniens* should not be applied, even though jurisdiction in the strict sense can be obtained here under established rules. Cf. Gross v. Owen, 1955, 95 U.S.App.D.C. 222, 221 F.2d 94. In matters of this kind, plaintiffs from other jurisdictions should normally resort to their own courts: the courts of the District of Columbia, burdened as they are, should not without good reason be asked to make inquiry concerning events happening outside their jurisdiction or enter decrees with respect to property located elsewhere." Nee v. Dillon, 1956, 99 U.S.App.D.C. 332, 334, 239 F.2d 953, 955.

All, or nearly all, the views and rules above recited have some bearing on the

case before us. (We have cited federal cases, but the doctrine is one of common law origin and involves the exercise of an inherent judicial power. Hence there is no question that it is available to defendants in the Municipal Court.) In support of appellees' contention that the trial court acted properly in declining jurisdiction, are the following considerations:

All the houses are in Maryland, and the litigation is governed by Maryland law. All twenty-nine plaintiffs are residents of Prince Georges County, Maryland. Nine witnesses (seemingly men with technical knowledge), described under oath as being necessary to the proper presentation of the defense, are residents of Maryland and not subject to subpoena here. Thirteen additional witnesses whom the defense proposes to call to prove that the houses are properly heated, are residents of Maryland. None of these witnesses would be subject to compulsory attendance at a trial in this jurisdiction.

Appellee corporations say that they are not "residents" of the District of Columbia. The seller of the homes, Crescent Hill Co., Inc., is described as a Delaware corporation, engaged in building and real estate business in Maryland. (Appellants' affidavit says this company has its principal office in the District.) Jolles Brothers, Inc., the heating subcontractor, is a Delaware corporation doing business in Maryland. The broker, I. L. Lewis Associates, Inc., is described as a Maryland corporation engaged in the real estate, loan and investment business in that state. (The counter-affidavit says the broker has "his" principal office in Washington.)

The most significant of the statements on which appellants rely (in addition to those already mentioned) are that a large majority of them are employed in the District of Columbia; that settlements were had at a title company in this city; that the builder secured his financing through a local mortgage banker; that a judgment in this District would be readily enforceable here; that they brought their suits in this jurisdiction, "which the defendants have found most convenient for every business purpose."

Additionally, appellants argue that those likely to be called as witnesses are to be found in suburban Maryland, within a radius of fifteen miles from our trial court and that "it would certainly appear" that many of those could be reached by subpoena because they are employed by organizations which do business and maintain offices here. Appellants also say in their brief that it is questionable whether they can obtain service in Maryland on the two defendants incorporated in Delaware. There seems to be nothing in the record to justify this apprehension. Nor is there any seeming reason to fear that if they obtain a judgment in Maryland they could not collect it. Appellants' affidavit says that Crescent Hill Co. (the principal defendant) owns real estate in the District, which according to a credit report, "as far as can be determined is its principal asset." This by no means indicates that a Maryland judgment against that defendant would yield no satisfaction.

■ Having weighed and compared the competing considerations in this case, it is our judgment that the decision below was not erroneous. It seems not unreasonable for the trial court to have concluded that because of the Maryland residence of all the plaintiffs, the situs of the properties there, the applicability of Maryland law, and the much clearer availability in Maryland of virtually all defense witnesses (and their probable non-accessibility here), the courts of that state would afford the better prospect of assuring a convenient, efficient and just determination of the litigation. So deciding, the judge was invoking a policy rooted in a concept of fair play.

We do not reject all that appellants have urged upon us; we do not say that the case could have been decided in only one way. We do say that on the whole record

there are no such overriding considerations of law, or of principle or policy, as would lead us to hold that the ruling appealed from is basically unsound or productive of an unjust result. That is another way of saying that the ruling does not reflect an abuse of discretion. And that is the established test in cases like these. As the Supreme Court said in Gulf Oil, supra, the doctrine of *forum non conveniens* "leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses." 330 U.S. at page 508, 67 S.Ct. at page 843. We think no such tendency need be feared in our trial court. We can think of no reason why derogation of the court's own jurisdiction would ever threaten to become a judicial policy. We think it may safely be assumed that, confronted with the problem of dual or alternative jurisdiction, the trial judges will proceed cautiously on a case to case basis, applying the rules established by our highest courts in such a way as to avoid mere local expediency, and to make sure that the balance is strongly in favor of a defendant before putting a plaintiff out of our courts and sending him elsewhere.

Affirmed.