**John F. DEPENBROCK, Appellant,**

v.

**SAFEWAY STORES, INC., Appellee.**

**No. 2774.**

Municipal Court of Appeals for the District of Columbia.

Argued June 26, 1961.

Decided July 11, 1961.

James E. Allgeyer, Washington, D. C., for appellant.

Francis C. O'Brien, Washington, D. C., for appellee. Allan C. Swingle and William T. Clague, Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Plaintiff appeals from an order dismissing a personal injury suit on the ground of forum non conveniens.

The complaint charged that in its store in Cherrydale, Virginia, defendant Safeway had stacked cartons of beer bottles improperly and at such a height that they fell and the bottles exploded, injuring plaintiff. Safeway filed a motion to dismiss on the ground of forum non conveniens, supported by an affidavit and a memorandum of law. Plaintiff filed an affidavit and memorandum in opposition to the motion. The trial court sustained the motion and ordered the action dismissed.

Some four years ago we had occasion to pass on an appeal involving the doctrine of forum non conveniens. Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653, 656. We reviewed the history of the doc-

trine, and cited a number of applicable cases.[1] We restated the tests to be applied and the factors to be weighed in deciding whether jurisdiction is to be entertained, and held among other things that decisions in this area are entrusted to the discretion of the trial court and will not be disturbed on appeal except for a clear abuse of discretion.

In the present case the factors urged in favor of defendant were that plaintiff himself is a resident of Virginia; that defendant is a Maryland corporation; that the injury was sustained in Virginia; and that all of defendant's witnesses live in Virginia.

For the plaintiff it was urged that the court should entertain jurisdiction because he worked in the District and intended to call an expert witness whose offices are here; that the telephone directory lists 28 of defendant's stores being operated in the District of Columbia, 14 in nearby Virginia, and 11 in Maryland; that the directory also lists defendant's "general offices" at a Washington address. Appellant argues that the convenience of the parties and the public interest of the forum entitled him to litigate his claim in this jurisdiction. But in our view this argument is no more persuasive or compelling than that of appellee.

Appellant urges an additional ground. He refers to the charge in his complaint that Safeway's carelessness amounted to "such gross negligence and wanton disregard for the lives and property of other human beings that malice is implied, and punitive damages will lie." Assuming that the evidence at trial could establish such gross negligence, we see no reason why that issue must be heard in our forum rather than in Virginia.

Without entering into a detailed discussion and comparison of the competing factors in this situation, we think the ruling below should not be reversed. We say, as we did in Walsh v. Crescent Hill, supra, that here "there are no such overriding considerations of law, or of principle or policy, as would lead us to hold that the ruling appealed from is basically unsound or productive of an unjust result. That is another way of saying that the ruling does not reflect an abuse of discretion."

Affirmed.

1. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Gross v. Owen, 95 U.S.App.D.C. 222, 221 F.2d 94; Hopson v. Hopson, 95 U.S.App.D.C. 285, 221 F.2d 839.