**Russell HARDY, Sr., Appellant,**

v.

**Elizabeth C. HARDY and Michael F. X. Dolan, Appellees.**

No. 3476.

District of Columbia Court of Appeals.

Argued June 1, 1964.

Decided July 17, 1964.

Russell Hardy, Sr., Washington, D. C., pro se.

Michael F. X. Dolan, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order dismissing appellant's complaint on the ground, *inter alia*, of forum non conveniens. The complaint asked for the return of personal property wrongfully taken, or alternatively for the reasonable value thereof.

The pleadings, answers to interrogatories, and affidavits in support of and opposition to the motion to dismiss established that appellant and appellees were residents of Maryland. They also established that the alleged wrongful taking occurred in Maryland and that the property had been traced to premises located in Maryland. It was further indicated that a suit involving these same parties and the same property had been disposed of by the Maryland courts.

In Walsh v. Crescent Hill Co., D.C. Mun.App., 134 A.2d 653 (1957), and more recently in Wilburn v. Wilburn, D.C.App., 192 A.2d 797 (1963), this court gave extensive consideration to the doctrine of forum non conveniens. It is unnecessary to restate the principles enunciated therein except to reiterate that a dismissal on the ground of forum non conveniens will not be disturbed on appeal except for a clear abuse of discretion. See also, Hopson v. Hopson, 95 U.S.App.D.C. 285, 221 F.2d 839 (1955); Gross v. Owen, 95 U.S.App. D.C. 222, 221 F.2d 94 (1955).

On the facts presented here we can find no overriding legal or policy considerations which lead to the conclusion that the dismissal on the ground of forum non conveniens reflects an abuse of discretion. Depenbrock v. Safeway Stores, Inc., D.C.

**390** 

Mun.App., 172 A.2d 561 (1961); Walsh v. Crescent Hill Co., supra; compare Nee v. Dillon, 99 U.S.App.D.C. 332, 239 F.2d 953 (1956). Accordingly, we affirm the order insofar as it dismisses on the ground of forum non conveniens and reverse it in all other respects.

Affirmed in part; reversed in part.