**MIDLAND FINANCE OF CUMBERLAND,
a corporation, Appellant,**

v.

**Larry W. GREEN, Appellee.**

**No. 5643.**

District of Columbia Court of Appeals.

Argued May 17, 1971.

Decided July 13, 1971.

---

R. K. Millstein, Washington, D. C., for appellant.

Richard M. Sharp, Washington, D. C., with whom William H. Dempsey, Jr., Washington, D. C., was on the brief, for appellee.

Before GALLAGHER, NEBEKER and PAIR, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from an order granting a motion to quash a prejudgment writ of attachment on the wages of a nonresident for a debt incurred outside the District of Columbia. Although a constitutional challenge is made under Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), to the statute permitting such attachment, we do not decide the case on that point. The asserted need to reach the constitutional point has been dissipated by the recent adoption [1] of Superior Court Civil Rule 64–I, which eliminates the vices asserted.

In August 1970, appellant, a Maryland finance company, brought suit against appellee, a resident of North Carolina, alleging that he owed the overdue balance on a promissory note which had been executed in Maryland. Appellant then filed an affidavit and a bond in compliance with D.C. Code 1967, § 16–501 [2] and was granted a

---

1. D.C.Code 1967, § 16–581 (Supp. IV, 1971).

2. This section provides in pertinent part:
   "(a) This section applies to any civil action in the * * * District of Columbia Court of General Sessions, for the recovery of:
   *       *       *       *       *
   "(2) a debt; * * *
   *       *       *       *       *
   "(b) In an action specified by subsection (a) of this section, the plaintiff, his agent, or attorney, may file an affidavit as provided by subsections (c) and (d) of this section either at the com-

mencement of the action or pending the action.
   "(c) The affidavit shall comply with the following requirements:
   (1) show the grounds of plaintiffs' claim;
   (2) set forth that plaintiff has a just right to recover what is claimed in his complaint;
   *       *       *       *       *

   (5) where the action is to recover damages for breach of a contract set out, specifically and in detail, the breach complained of and the actual damage resulting therefrom.

"Writ of Attachment Before Judgment" by the clerk of the trial court. No notice was given to appellee before issuance of the writ.[3]

Since appellee was employed by the General Electric Company in North Carolina, the writ attaching his wages was served on the company's resident agent in the District of Columbia. The company, on behalf of its employee,[4] then moved to quash the writ on the grounds that (1) the doctrine of *forum non conveniens* should be used to dismiss the suit since the action had no substantial connection with the District of Columbia, and (2) the D.C.Code provisions which permitted prejudgment attachment of his wages without prior notice and a hearing violated his right to due process.

█ The trial court granted appellee's motion without expressing its reasons. Since the trial court was silent as to the actual basis for its decision, we are reluctant to conclude it reasoned that the statute is unconstitutional. In the absence of

an expressed constitutional holding, we will assume relief was afforded for asserted nonconstitutional reasons, and therefore examine whether appellant's contention of *forum non conveniens* could properly have been the basis for the order on review.

█ This court has repeatedly held that trial court decisions respecting *forum non conveniens* shall not be disturbed on appeal except for a clear abuse of discretion. Hardy v. Hardy, D.C.App., 202 A.2d 389 (1964); Wilburn v. Wilburn, D.C.App., 192 A.2d 797 (1963); Depenbrock v. Safeway Stores, Inc., D.C.Mun.App., 172 A.2d 561 (1961); Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653 (1957). We find nothing in this case which reflects such an abuse by the trial court.

█ Indeed, this case is most appropriate for application of the doctrine. The only connection the litigation has with this forum is that the garnishee—appellee's employer—had a resident agent in the District of Columbia upon whom service of the writ was obtained.[5] In addition, it is im-

"(d) The affidavit shall also state one of the following facts with respect to defendant:
"(1) defendant * * * is not a resident of the District, * * *;
* * * * *
"(e) Before a writ of attachment and garnishment is issued, the plaintiff shall first file in the clerk's office a bond, executed by himself or his agent with security to be approved by the clerk, in twice the amount of his claim, conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment; * * *
"(f) If the plaintiff files an affidavit and bond as provided by this section, the clerk shall issue a writ of attachment and garnishment, to be levied upon as much of the lands, tenements, goods, chattels, and credits of the defendant as may be necessary to satisfy the claim of the plaintiff."

3. The D.C.Code has no provision requiring notice to the defendant or a hearing prior to the attachment of his wages. After issuance of the writ, D.C.Code 1967, § 16–

502 provides that the marshal shall serve notice on the defendant if he is found in the District. If the defendant cannot be found in the District, notice is given by publication.
Section 16–506 allows the defendant to then file affidavits traversing those filed by the plaintiff. If, as a result, the court finds that the "proofs do not sustain" the plaintiff's affidavit, the writ of attachment shall be quashed.

4. D.C.Code 1967, § 16–519 authorizes the garnishee to raise any defense available to the putative debtor in the action in which the garnishment issued.

5. It appears that the reason this suit was brought in the District of Columbia was the broad garnishment procedure then available in this jurisdiction. *See* note 6, *infra*.

Such suits have been common in the trial courts. As noted by one trial judge in an excellent opinion in Dept. of Labor Federal Credit Union v. Raynor, Civil Action No. GS 2355–70 (September 2, 1970):

portant to consider the impact which suits such as this have upon the work load of the District of Columbia courts. As the Supreme Court declared in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) :

"Factors of public interest also have place in applying the doctrine [of *forum non conveniens*]. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. \* \* \* \*"

*See also* Gross v. Owen, 95 U.S.App.D.C. 222, 221 F.2d 94 (1955). Accordingly, the relief sought could have been granted on this basis and we sustain that action. We note that quashing the writ of attachment under these circumstances was tantamount to dismissal—the usual relief afforded in *forum non conveniens* cases.

Thus, we do not reach the constitutionality of the prejudgment garnishment procedures utilized in this case.[6] The order appealed from is

Affirmed.

" \* \* \* [I]t is notorious that the broad garnishment procedures of this jurisdiction are utilized frequently by non-resident plaintiffs against non-resident defendants in cases where the only connection between this jurisdiction and the cause is that the defendant's employer does business in and is amenable to suit in the District of Columbia. It is regrettably true also that District of Columbia attachments are sometimes resorted to for the sole purpose of circumventing the wage exemption laws of other jurisdictions which protect wage earners who live and work there."

6. We do note, however, that since this case was decided by the trial court, Rule 64–I of the Civil Rules of the Superior Court of the District of Columbia has established, with appropriate exceptions, procedures for notice to the nonresident wage earner of pending garnishment action and an opportunity for hearing prior to the prejudgment attachment of his wages. Thus, the present practice under the statutory scheme elminates the shadow cast by lack of notice and hearing upon the attachment-before-judgment process of the old Court of General Sessions. *Cf.* Sniadach v. Family Fin. Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) ; Termplan Inc. v. Superior Court of Maricopa County, 105 Ariz. 270, 463 P.2d 68 (1969). *Cf.* also Bolton v. Harris, 130 U.S.App.D.C. 1, 395 F.2d 642 (1968).