Delores D. FROST et al., Appellants,

v.

PEOPLES DRUG STORE, INCORPO-
RATED, et al., Appellees.

MAY DEPARTMENT STORES t/a the
Hecht Company et al., Appellants,

v.

Pilin TIRDTHAMUTID et al., Appellees.

Nos. 6431 and 6472 to 6474.

District of Columbia Court of Appeals.

Argued Dec. 14, 1972.

Decided Oct. 31, 1974.

Harold A. Sakayan, Rockville, Md., with whom Erwin A. Alpern, Washington, D. C., was on the brief, for appellants in No. 6431.

J. Roy Thompson, Jr., Washington, D. C., with whom John Jude O'Donnell, Washington, D. C., was on the briefs, for appellees in No. 6431, and for appellants, May Dept. Stores in Nos. 6472, 6473, and 6474.

Denver H. Graham, Washington, D. C., for appellant, Mut. Protective Association, in No. 6474.

William S. Burroughs, Jr., Arlington, Va., with whom Jerry K. Emrich, Arlington, Va., was on the brief, for appellees in ·Nos. 6472, 6473, and 6474.

Before REILLY, Chief Judge, PAIR, Associate Judge, and HOOD, Chief Judge, Retired.

REILLY, Chief Judge:

These cases are before us on appeals from orders entered in the Superior Court disposing of motions for dismissal filed by defendants on the ground of *forum non conveniens.*

In No. 6431, a damage action for personal injuries incurred at a retail pharmacy in Prince George's County, Maryland, the trial judge granted the motion to dismiss, noting that a suit arising out of the same incident had been filed by the same plaintiffs in the county court.

In Nos. 6472, 6473, and 6474, another trial judge refused to dismiss three damage actions brought by sisters following their assertedly false arrest for shoplifting in an Arlington branch store of the Hecht Company, despite the pendency of a suit stemming from the same incident in the Virginia courts. Because of the common issue presented to us, we consolidated both sets of cases for argument and consideration.

A threshold question is one of jurisdiction to entertain these appeals. With certain exceptions not applicable here, the jurisdiction of this court is limited, under D.C.Code 1973, § 11–721(a) to "final orders and judgments of the Superior Court." As the order entered in No. 6431 was a dismissal, it is clear that the appeal from such order is properly before us, for even though issued on a pretrial motion, it is clearly a final order for it terminated the action in the Superior Court.[1]

A more difficult problem is presented by the orders denying dismissal in the second set of cases. It is now urged that these appeals should be dismissed on the premise that an order denying dismissal was not a final order but an interlocutory one, and hence, if erroneous, could eventually be challenged on appeal after trial and entry of final judgment.

It appears that in this jurisdiction, however, such premise is unfounded in light of a decision of this court, which is binding upon us, Wilburn v. Wilburn, D. C.App., 192 A.2d 797 (1963). There, the trial court after denying a pretrial motion to dismiss on the doctrine of *forum non conveniens,* thereby causing the parties to go to trial which resulted in a verdict against the movant, reconsidered its earlier ruling sua sponte and dismissed the case. This court deemed the dismissal an abuse of discretion. The reasoning of the opinion was that the very inconvenience which the doctrine seeks to avoid had already occurred and consequently a post-trial ruling could not rectify the situation.

The corollary of the *Wilburn* opinion is that an appellate court would be equally powerless to remedy on post-trial appeals from final judgments, an erroneous

---

1. Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653 (1957).

pretrial denial of a motion to dismiss for *forum non conveniens*. The irretrievability of the situation at that point has led the United States Court of Appeals for the Ninth Circuit to question the soundness of the prevailing federal doctrine that district court rulings on motions for transfer of venue under 28 U.S.C. § 1404(a) are interlocutory and not appealable.[2] The rule of nonappealability developed under this federal statute, however, applies to the grant as well as the denial of transfer motions.[3] But as this court is compelled to deem pretrial dismissals as final and hence appealable, to hold otherwise on the appealability of refusals to dismiss would place plaintiffs and defendants on an unequal footing with respect to rulings on *forum non conveniens* for, as we have already noted, the *Wilburn* doctrine accords a degree of finality to an order which might otherwise be interlocutory.

Somewhat similar considerations caused us to conclude that the intent of Congress was to extend to juvenile delinquency proceedings the statutory right of a prosecutor to an interlocutory appeal from a suppression order entered before the trial of a person charged with a criminal offense. A contrary holding would have rendered a suppression order, even though clearly erroneous, beyond correction. District of Columbia v. M.E.H., D.C.App., 312 A.2d 561 (1973).

In criminal prosecutions the factor of irreparability is the rationale of the doctrine that orders denying reduction of bail are appealable before trial even though it is well established that only a sentence constitutes a final judgment in such a case. *See* Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Unless such orders were immediately reviewable, there would be no way of curing wrongful pretrial detention save by some cumbersome collateral proceeding like habeas corpus or mandamus.

■ The term "final orders" in the statute which governs our jurisdiction, § 11–721(a) *supra,* is not limited to "final judgments which terminate an action." Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541 at 545, 69 S.Ct. 1221 at 1225, 93 L.Ed. 1528 (1949). There, the Supreme Court in construing this same statutory wording in 28 U.S.C. § 1291 held that an order determining the right to security in a civil action was appealable on the ground that the claimed right would not be merged in the final judgment. Just this year the Supreme Court cited *Cohen* as controlling in rejecting a contention that a district court order permitting a suit to proceed as a class action and allocating cost, was not directly appealable. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 2148–2150, 40 L.Ed.2d 732 (1974).

The broad scope of the *Cohen* holding was recognized by this court in a case where an order denying a motion for voluntary dismissal without prejudice was drawn into issue. Raney v. D. C. Transit System, Inc., D.C.Mun.App., 166 A.2d 261 (1960). In reversing this order on the authority of *Cohen*, this court said:

> Orders based upon procedural steps which have a final irreparable effect upon the rights of the parties are none the less appealable though they do not finally terminate the action. An order is appealable if it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. . . . (footnote omitted.) *Id.* at 262.

The issue then is whether the asserted right of a defendant not to be forced to trial in the Superior Court merges in the final judgment, where the prior denial of such right may be reviewed and corrected. It is plain to us that this question must be answered in the negative. For if the cases in which the May Department Stores have

---

2. Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 952 n. 8 (9th Cir. 1968).

3. A successful motion to transfer, of course, does not terminate an action; it simply removes the trial to another federal jurisdiction.

appealed the orders denying dismissal are allowed to proceed to trial and final judgment, it will be too late effectively to review such orders and the right to a different forum, if applicable, will be lost irreparably. Accordingly, we hold that the appeals in Nos. 6472, 6473, and 6474 are properly before us and must be decided.

In reaching this conclusion, we are not unmindful that some litigants may use their right to appeal pretrial orders denying dismissal for purely dilatory reasons. This court, however, can guard against such procedural abuses by granting, upon motion, expedited review so that the appeal will not substantially delay the trial of the case.

■ So far as the standard for judicial review is concerned, this court has held that trial court decisions respecting *forum non conveniens* will not be overturned on appeal except for a clear abuse of discretion. Midland Finance of Cumberland v. Green, D.C.App., 279 A.2d 518 (1971); Hardy v. Hardy, D.C.App., 202 A.2d 389 (1964). But this does not mean that trial courts have unlimited discretion for, as the *Wilburn* case shows departure from well established criteria for applying the doctrine [of *forum non conveniens*] can be a ground for reversal. In domestic relations cases, for example, it has been held that ". . . the public policy of the District of Columbia does not require its courts to take jurisdiction of a matrimonial dispute between two persons who are neither domiciled in the District nor even residents thereof. . . ." Curley v. Curley, 74 App.D.C. 163, 165, 120 F.2d 730, 732, cert. denied, 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494 (1941).[4] Moreover, in Walsh v. Crescent Hill Co., *supra* n. 1, which recognized the "clear abuse of discretion" principle, this court also quoted with approval an ob-

servation of the United States Court of Appeals for this circuit in Nee v. Dillon, 99 U.S.App.D.C. 332, 334, 239 F.2d 953, 955 (1956):

In a situation of this sort we think the District Court should make inquiry at pre-trial or at the trial itself with respect to the reasons why the doctrine of *forum non conveniens* should not be applied, even though jurisdiction in the strict sense can be obtained here under established rules. Cf. Gross v. Owen, 1955, 95 U.S.App.D.C. 222, 221 F.2d 94. In matters of this kind, plaintiffs from other jurisdictions should normally resort to their own courts: the courts of the District of Columbia, burdened as they are, should not without good reason be asked to make inquiry concerning events happening outside their jurisdiction or enter decrees with respect to property located elsewhere.

In Nee v. Dillon, *supra*, the circuit court in deploring the failure of the District Court to dismiss sua sponte on *forum non conveniens* noted that the judgment appealed from was based on a suit to rescind a contract for sale of land and an escrow agreement executed in Maryland, that the property was located in suburban Maryland, and that it was obliged to apply the substantive law of Maryland to the transaction drawn into litigation.[5] Despite these factors, the court then reviewed the judgment on the merits—"[t]he case having progressed [so] far . . ."—obviously being of the view later adopted by our own court in *Wilburn*, that once a case has proceeded to trial any inconvenience imposed thereby is irretrievable.

Accordingly, this court in Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653 (1957), *supra* n. 1, after analyzing the criteria deemed relevant by the Supreme

---

4. This rule has certain exceptions, *e. g.*, cases where the roving life of one spouse makes it difficult to establish the location of the marital domicile. *See* Wilburn v. Wilburn, *supra*, and Melvin v. Melvin, 76 U.S.App.D.C. 56, 57, 129 F.2d 39, 40 (1942).

5. The parties to the suit were two married couples, grantors and grantees, who were "apparently" residents of Maryland, although the opposing husbands maintained business addresses in the District.

Court in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), in passing on *forum non conveniens* motions, held a trial court fully warranted in granting dismissal of actions brought by a number of homeowners in a nearby Maryland suburb against the building contractors and the builder's selling agent.

The court concluded in *Walsh* that such considerations as the litigation being governed by Maryland law, the residence of the plaintiffs in Prince Geroge's County, and the "non-residence" of the three defendants (although incorporated in other jurisdictions, two defendants maintained offices in this city) outweighed such competing considerations as the location in the District of (1) the title company where the closing settlements were made, (2) the places of employment of the majority of the plaintiffs, and (3) the mortgage bank from which the defendant builder received his financing, and the contention that a judgment in the District would be readily enforceable here.[6]

Both the *Nee* and the *Walsh* cases dealt with actions in contract, but former Chief Judge Hood in a concurring opinion in a recent case pointed out that these principles are equally applicable to an action of tort based on an asserted malicious arrest in a suburban branch of the Hecht Company:

. . . Appellant was a resident of Maryland. Appellee's store, in which the incident occurred, was in Maryland. The arresting officer was a Maryland county special officer and the criminal prosecution took place in Maryland. This case of course is governed by Maryland law and I see no reason why it should not have been brought in a Maryland court. It could and, I think, should have

been timely dismissed on the grounds of forum non conveniens. See Gross v. Owen, 95 U.S.App.D.C. 222, 221 F.2d 94 (1955). [Shaw v. May Department Stores Co., D.C.App., 268 A.2d 607, 610–611 (1970).]

The foregoing summary of the leading local cases on *forum non conveniens* where the plaintiff's choice of forum was between a District of Columbia court or a court of equivalent jurisdiction in one of the counties in the metropolitan area, illustrates that the inconvenience to the parties and witnesses of long distance travel—the factor regarded as of major importance by federal circuits in other jurisdictions,[7] is not the only ground for dismissing an action in the Superior Court. As the county seats in such adjacent areas as Arlington and Fairfax, Virginia, or Montgomery and Prince George's, Maryland, are all within a 20-mile radius of the District, travel problems pale into insignificance as compared to such factors as the public interest in reducing the volume of difficult cases on court calendars already overcrowded. As the Supreme Court has observed, "[a]dministrative diffculties follow for courts when litigation is piled up in contested centers instead of being handled at its origin."[8]

Having made these preliminary observations, we turn now to the question of whether the disposition of the motions by the trial court in the cases before us amounted to a clear abuse of discretion.

▮ In No. 6431, granting of the motion to dismiss was fully justified in light of the principles discussed. The principal plaintiff's complaint (her husband also seeks damages for lack of consortium) asserts that she incurred severe injuries as a result of falling over a stepladder "carelessly" placed by defendant Peoples Drug

---

6. *Cf.* Gulf Oil Corporation v. Gilbert, *supra* at 508, 67 S.Ct. 839.

7. *E. g.*, Pacific Car and Foundry Co. v. Pence, *supra* n. 2; Fitzgerald v. Westland Marine Corp., 369 F.2d 499 (2d Cir. 1966).

8. Gulf Oil Corporation v. Gilbert, *supra* 330 U.S. at 508, 67 S.Ct. at 843.

Store in one of its retail pharmacies—this particular one being located in Prince George's County at a shopping center not far from the District line. Both husband and wife reside in Maryland, the defendant is a Maryland corporation, and the case is governed by the application of Maryland law.

While these factors were sufficient to justify the disposition of the motion, the record also shows that a suit based upon the same cause of action had been commenced in the trial court of Prince George's County and had proceeded to the point of the taking of depositions of physicians, the submission of interrogatories, and the receipt of answers to such interrogatories, when plaintiffs took a voluntary nonsuit. During the pendency of this appeal, plaintiffs have again instituted an action brought on the same grounds. Obviously the defendant in those actions—appellee here—has already been put to time and legal expense in defending these actions and the discovery proceedings incidental thereto.

In contending that the trial court erred in dismissing the motion, appellants contend that the defendant corporation is a subsidiary of a District of Columbia corporation operating a drug store chain of the same name. This is an irrelevant consideration, however, for while it is true that a corporation can always be served with process in the state issuing the corporate charter (frequently called the domicile of the corporation), it is sufficient for *forum non conveniens* purposes to show that a corporation doing business in several states is amenable to process in the jurisdiction where the cause of action arose. This is the situation here. It is also urged that because the hospitals and physicians' offices where plaintiff was treated, are located in the District, their records are not subject to process of a Maryland court requiring production. There is no reason to believe, however, that the members of the medical profession or the hospital staffs retained by appellants would refuse to appear voluntarily without the necessity of subpoena,[9] or if they did so, the Maryland court would not accept the medical testimony obtained by deposition.

■ The denial of the motion to dismiss in the three cases, Nos. 6472, 6473, and 6474 (in which the May Department Stores is the principal defendant), presents a closer question, particularly as there are statutes in Virginia, the state where the incident occurred, which have a direct bearing on certain allegations in the complaints. Thus, the denial of the motion, if permitted to stand, would mean that the Superior Court would be under the burden of trying a case turning upon the construction of the peculiar statutes of another jurisdiction—one of the considerations noted by former Chief Judge Hood in his concurring opinion in Shaw v. May Department Stores Co., *supra*. In denying the motion, however, the trial court took account of this, as well as the fact that the cause of action arose in Arlington County and that none of the plaintiffs resides in the District, but felt that these criteria were outweighed by such considerations, *inter alia,* as the fact that all the assets and security records of the codefendant, Mutual Protective Association, were located in the District.

It also appears that the Association is not subject to process in Virginia, and at oral argument in these cases, counsel for the Association stated that it would not designate an agent for service of process in Virginia in order to confer jurisdiction upon the courts of that Commonwealth. On this basis, it is plain that there was no abuse of discretion on the part of the court in denying dismissal, for the causes of action against both defendants as stated in the complaints are so closely entwined that

9. In Walsh v. Crescent Hill Co., *supra*, a similar argument was rejected by this court on the ground that "[t]here seems to be

nothing in the record to justify this apprehension. . . ."

we cannot hold that the Association is not a necessary party defendant.[10]

"In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." Gulf Oil Corporation v. Gilbert, *supra,* 330 U.S. at 506–507, 67 S.Ct. at 842. Appellant's premise that a Virginia court is the proper forum here founders on the fact that a necessary codefendant is beyond the jurisdiction of such a court.

Affirmed.

---

10. Plaintiffs' complaints allege certain acts of misconduct on the part of guards employed by the Association to protect May Department Stores from shoplifting at its Arlington outlet.

