**DISTRICT-REALTY TITLE INSURANCE CORPORATION, Appellant,**

v.

**David M. GOODRICH et al., Appellees.**

**No. 7032.**

District of Columbia Court of Appeals,

Argued Aug. 30, 1973.

Decided Nov. 20, 1974.

Rehearing Denied Jan. 8, 1975.

Patricia D. Gurne and Thomas S. Jackson, Washington, D. C., for appellant.

Benny L. Kass, Washington, D. C., for appellees.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

■ This appeal raises the question whether a denial of appellant's motion to dismiss based upon a claim of *forum non conveniens* [1] is a final and appealable order and, if so, whether that denial constituted an abuse of discretion requiring reversal with directions to dismiss the complaint. We recently held in Frost v. Peoples Drug Store, D.C.App., 327 A.2d 810 (decided 1974), that an order denying a motion for dismissal based on grounds of *forum non conveniens* is a final and an appealable order. Disposition of this case was held in abeyance pending decision in *Frost*, which now resolves the jurisdictional question in favor of review. We hold that the motion

1. D.C.Code 1973, § 13–425. *Inconvenient forum*
   When any District of Columbia court finds that in the interest of substantial jus- tice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any con- ditions that may be just.

should have been granted according to the principles regarding *forum non conveniens* so clearly restated in *Frost*. The order denying dismissal is therefore reversed.

Appellees represent themselves as members of a class composed of residents and homeowners in the State of Maryland who carry title insurance with the appellant, a Maryland corporation having its principal place of business in the District of Columbia. Appellees' class-action complaint in the Superior Court seeks damages for overcharges by alleging that certain insurance charges, i. e., title insurance binders and application fees, were improper because they were neither filed with nor approved by the Insurance Division of the State of Maryland. Appellees had contracted to purchase homes in Maryland and the settlement and title closings took place at law offices there. Appellees were required to pay amounts larger than those filed with the insurance commissioner, who, we are told, has ruled the excess to be in violation of Maryland law. Appellees were informed that the excess charges were assessed by the law office for preparation of the binder. The purpose of the binder was to protect the lending institution from the date of the settlement through the date the policy was issued.

Appellant's motion to dismiss on the ground of *forum non conveniens* claims that Maryland is the proper forum because the class members are Maryland residents; the charges were paid to Maryland attorneys; the issues involve Maryland law; any decision binding on the Maryland Insurance Commissioner must be from a Maryland court; the Maryland lawyers are available for process in Maryland; and many of the witnesses are Maryland residents. Appellees' opposition to the motion asserts that appellant has its principal

place of business within the District of Columbia; that the charges complained of were made in the District; that all of the principal witnesses, files, records, and other papers are located here; and that title closings are also performed within this jurisdiction. After denial of the motion to dismiss, appellant filed a motion to reconsider and to issue a certificate required for an interlocutory appeal by D.C.Code 1973, § 11–721(d),[2] the equivalent of the federal interlocutory appeal provision, 28 U.S.C. § 1292(b). Both requests were denied and this appeal followed.

Appellant argues that the trial court's denial of the motion to dismiss constituted an abuse of discretion in that Maryland is the most appropriate forum to resolve this controversy and that the District of Columbia courts are inappropriate since a judgment here will not be a final resolution of this issue and will not be binding upon the Maryland courts or the Insurance Commissioner of Maryland. We find this argument to be persuasive in light of the *Frost* decision. To the extent that there are different factual assertions on this question, we view them as immaterial. The essential facts are not in dispute.

■ On several occasions this court has stated that a decision to dismiss on a *forum non conveniens* motion is entrusted to the discretion of the trial court and that such a dismissal will not be reversed on appeal except for a clear abuse of discretion. Midland Finance of Cumberland v. Green, D.C.App., 279 A.2d 518 (1971); Hardy v. Hardy, D.C.App., 202 A.2d 389 (1964); Walsh v. Crescent Hill Co., D.C. Mun.App., 134 A.2d 653 (1957).

In the Supreme Court's seminal case on *forum non conveniens*, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839,

2. D.C.Code 1973, § 11–721(d) states in part that when a judge in his opinion makes a ruling or order, not otherwise appealable, that

    involves a controlling question of law as to which there is substantial ground for a dif-

ference of opinion and that an immediate appeal from the ruling or order may materially advance the ultimate termination of the litigation or case, he shall so state in writing in the ruling or order. . . .

843, 91 L.Ed. 1055 (1947), the Court stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." However, the Court acknowledged that the trial court need not always respect a plaintiff's choice of forum. *Id.* at 507, 67 S.Ct. 839.

In Walsh v. Crescent Hill Co., *supra*, this court affirmed a dismissal based on *forum non conveniens* on issues and facts similar to those in the case at bar. There, several Maryland homeowners brought suit in the District of Columbia against their building contractors and the builder's selling agent. It was held that factors similar to those presented here warranted dismissal in the face of the fact that the District of Columbia was the situs of the plaintiffs' places of employment, the title company which handled the settlements, and the mortgage banker through whom the builder secured his financing.

In Walsh v. Crescent Hill Co., *supra*, 134 A.2d at 654, the court relied on Nee v. Dillon, 99 U.S.App.D.C. 332, 239 F.2d 953 (1956). The latter case treated a suit to rescind a real estate contract where both plaintiffs and defendants were apparently Maryland residents, the situs of the houses was Maryland, the applicable law was that of Maryland, and most of the witnesses were Maryland residents. The court said in Nee v. Dillon, *supra* at 334, 239 F.2d at 955:

> In a situation of this sort we think the District Court should make inquiry at pre-trial or at the trial itself with respect to the reasons why the doctrine of *forum non conveniens* should not be applied, even though jurisdiction in the strict sense can be obtained here under estab-

> lished rules. Cf. Gross v. Owen, 1955, 95 U.S.App.D.C. 222, 221 F.2d 94. In matters of this kind, plaintiffs from other jurisdictions should normally resort to their own courts: the courts of the District of Columbia, burdened as they are, should not without good reason be asked to make inquiry concerning events happening outside their jurisdiction or enter decrees with respect to property located elsewhere.

*Nee* was decided in 1956. It would not be a formidable task to establish that court congestion has increased greatly since that time.

■ Having carefully examined the competing considerations in this case, it is our view that the trial court abused its discretion in failing to dismiss on grounds of *forum non conveniens*. The critical connection which this case has with Maryland, the interrelation with the administration of Maryland insurance law, coupled with our own litigation pressures and the ease of access to that suburban forum, dictate that "the balance [was] strongly in favor of the defendant['s]" motion to dismiss. Gulf Oil Corp. v. Gilbert, *supra* at 508, 67 S.Ct. at 843. *See* Frost v. Peoples Drug Store, *supra*; Pitts v. Woodward & Lothrop, D.C.App., 327 A.2d 816 (decided 1974); Walsh v. Crescent Hill Co., *supra*; Nee v. Dillon, *supra*. The nexus between this case and Maryland makes it such that Maryland is not merely a better venue than the District of Columbia but indeed the only proper forum, rendering the District of Columbia a *forum non conveniens*.[3]

For the foregoing reasons, the order below is reversed with directions to dismiss the complaint.

So ordered.

---

3. It is noted that while this appeal has been pending the Supreme Court has decided Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), which requires named plaintiffs in a class action to pay the cost of written notice to all reasonably identifiable class members. It is not inconceivable that some class members may opt out of a District of Columbia suit, favoring to litigate their claims in Maryland rather than risk an adverse judgment here.