Madeline ARTHUR, Appellant,

v.

George Roland ARTHUR, Appellee.

Nos. 81–1255, 81–1321.

District of Columbia Court of Appeals.

Argued April 29, 1982.

Decided Oct. 13, 1982.

Michael P. Goldenberg, Washington, D.C., for appellant.

William R. Voltz, Washington, D.C., for appellee.

Before FERREN and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

BELSON, Associate Judge:

Appellant contends that the trial court abused its discretion in denying her motion to dismiss appellee's suit for absolute divorce on the ground of forum non conveniens. Further, she asserts that the court's refusal to sign a written order or to make a proper jacket entry reflecting its ruling deprived her of her right to appeal, due process of law, and equal protection of the laws. We affirm.

I

On January 27, 1981, appellee filed a complaint for absolute divorce on the ground of voluntary separation for more than six months without cohabitation. Appellant filed an answer to the complaint on March 3, 1981. On May 15, 1981, appellant filed a suit for absolute divorce in the Supreme Court of New York. On June 18, 1981, appellee filed an amended complaint for absolute divorce on the ground of separation for more than one year without cohabitation.

Three days before the trial, appellant requested a continuance on the ground that she had only recently retained local counsel. This motion was denied by the trial court. On the day of trial, October 2, 1981, appellant renewed her motion for a continuance and also moved to dismiss the action on the ground of forum non conveniens. Since the principal ground for the renewed motion for continuance was the assertion that appellant had been admitted to a New York hospital on that very morning, the trial judge recessed to allow counsel to confirm that she had actually been admitted. Counsel learned that she had not been admitted. Following a hearing on the motions, the trial judge denied both motions. The motion to dismiss on the ground of forum non conveniens was denied "both on its merits and as having been waived by late filing and . . . interposed solely for the purpose of delay."

The trial court then denied a request by appellant's counsel that the proceeding be delayed to enable him to file a notice of appeal but did turn the court jacket over to appellant's counsel so that another individual could file the notice of appeal. Later that morning, however, an official of the Clerk's Office of the Family Division informed the trial judge that he could not accept the notice of appeal without a written order in the trial jacket. The trial judge refused to sign a written order denying the motion to dismiss until the conclusion of the trial. Although appellant's counsel remained in the courtroom throughout the trial, he declined to cross-examine witnesses or to otherwise participate in the trial in order to preserve appellant's right to appeal the denial of the motion to dismiss.

Shortly after trial, the court entered written findings of fact, conclusions of law, and a judgment awarding appellee an absolute divorce, disposing of the marital property, and requiring appellee to pay appellant specified alimony. Appellant thereafter noted this appeal.

## II

■ Appellant contends that the trial court abused its discretion in denying her motion to dismiss for forum non conveniens. The decision to dismiss for forum non conveniens is committed to the sound discretion of the trial court and we will reverse on appeal only upon a clear showing of an abuse of discretion. *Crown Oil and Wax Co. of Delaware v. Safeco Insurance Co. of America,* D.C.App., 429 A.2d 1376, 1380 (1981); *Deupree v. Le,* D.C.App., 402 A.2d 428, 429 (1979); *Washington v. May Department Stores,* D.C.App., 388 A.2d 484, 485 (1978); *Cohane v. Arpeja-California, Inc.,* D.C.App., 385 A.2d 153, 156 (1978); *Carr v. Bio-Medical Applications of Washington, Inc.,* D.C.App., 366 A.2d 1089, 1091–92 (1976).

In *Carr v. Bio-Medical Applications of Washington, Inc., supra,* we analyzed the two interests outlined by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) to be weighed by the trial court in considering a motion to dismiss for forum non conveniens—the private interest of the litigant and the public interest. We stated:

Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial . . . . Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction. [*Carr v. Bio-Medical Applications of Washington, Inc., supra* at 1092 (citations omitted).]

■ In the instant case, appellant did not file her motion to dismiss on the ground of forum non conveniens until the day of trial.

"[Once] the parties and the court have expended their time, effort and money preparing for trial, other considerations enter the picture and the *Carr* factors are no longer dispositive." *Cohane v. Arpeja-California, Inc.* supra at 157; *See also Crown Oil and Wax Co. of Delaware v. Safeco Insurance Co. of America, supra* at 1381. In *Wilburn v. Wilburn,* D.C.App., 192 A.2d 797 (1963) we noted that a motion to dismiss for forum non conveniens is too late if made at the close of trial. *Id.* at 801. We noted further that "a court will not be prompted to exercise its discretion in favor of a defendant who raises the objection to the forum for the first time after the defendant has answered, taken depositions, proceeded to pretrial, and caused the plaintiff to incur expense in preparing for trial." *Id.* (footnote omitted). Thus, it is within the discretion of the trial court to decline to apply the doctrine of forum non conveniens where the defendant waits until the eve of trial to move to dismiss the action on this ground. *See, e.g., Conte v. Flota Mercante Del Estado,* 277 F.2d 664, 667 (2d Cir.1960); *Dietrich v. Texas National Petroleum Co.,* 193 A.2d 579, 593 (Del.1963). In the instant case, appellant filed her motion to dismiss on the day of trial following the court's denial three days earlier of her motion for a continuance. The trial court found that the motion to dismiss for forum non conveniens was filed solely for the purpose of delaying the trial. We conclude, therefore, that the trial court did not abuse its discretion in denying appellant's motion to dismiss for forum non conveniens.

## III

Appellant asserts that the trial court's refusal to sign a written order denying her motion to dismiss deprived her of her right to an interlocutory appeal. She also contends that the trial court's decision to proceed with the trial deprived her of due process of law and equal protection of the laws.

▇▇▇ In this jurisdiction, an order denying a motion to dismiss for forum non conveniens is appealable. *Crown Oil and Wax*

*Co. of Delaware v. Safeco Insurance Co. of America, supra* at 1379–80; *District-Realty Title Insurance Corp. v. Goodrich,* D.C.App., 328 A.2d 93 (1974); *Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810, 811–13 (1974). Generally, the trial court loses jurisdiction to proceed with a case when a notice of appeal is filed. *Abrams v. Abrams,* D.C.App., 245 A.2d 843, 844 (1968); *Morfessis v. Hollywood Credit Clothing Co.,* D.C.Mun.App., 163 A.2d 825, 827 (1960); *Potts v. Catterton,* D.C.Mun.App., 82 A.2d 133, 134 (1951). In view of the facts recited above, we will treat this case as one in which a notice of appeal was filed just as trial was commencing. We hold that where, as here, the record supports the trial court's determination that a motion to dismiss for forum non conveniens has been filed on the day of trial for purely dilatory purposes, the trial court has the discretion to proceed with the trial despite the filing of a notice of appeal.

Several courts have applied a similar approach in dealing with the somewhat analogous situation presented by frivolous or dilatory double jeopardy claims. Recognizing the significant potential for disruption if the district court was required to suspend its proceedings upon the filing of a notice of appeal, the United States Court of Appeals for the Third Circuit held in *United States v. Leppo,* 634 F.2d 101, 105 (3 Cir.1980), that "an appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written findings." *See also United States v. Dunbar,* 611 F.2d 985 (5th Cir. 1980) (en banc). In this jurisdiction, however, we have declined to follow the technique employed in *Leppo* and *Dunbar* and instead have relied upon summary appellate proceedings to minimize the abusive use of double jeopardy motions. *Coleman v. United States,* D.C.App., 414 A.2d 528, 530 (1980).

We decline, however, to apply such a rule in the context of this civil case. There are significant differences between the circum-

stances that attended the assertion of the double jeopardy claim in *Coleman,* and those that attended the assertion of the inconvenience of the forum here. First, in *Coleman,* there was no indication that the court was dealing with a double jeopardy claim raised for the first time at the time of trial. In a civil proceeding, there is ample time prior to trial to move to dismiss for forum non conveniens, but in the instant case, appellant waited until the day of trial to move to dismiss. Second, the double jeopardy claim in *Coleman* raised a question as to *whether* the individual could be tried, while here the motion to dismiss for forum non conveniens merely raised the question of *where* a matter should be tried. Finally, many of the considerations which militate against subjecting an individual to an unnecessary criminal trial are not present in a civil proceeding.

We are also aware that in *Frost,* after finding that the trial court's denial of a motion to dismiss on the ground of forum non conveniens was an appealable order, we stated:

> In reaching this conclusion, we are not unmindful that some litigants may use their right to appeal pretrial orders denying dismissal for purely dilatory reasons. This court, however, can guard against such procedural abuses by granting, upon motion, expedited review so that the appeal will not substantially delay the trial of the case. [*Frost v. Peoples Drug Store, Inc., supra* at 813.]

In *Frost,* the motions to dismiss on the grounds of forum non conveniens were neither frivolous nor dilatory. There is no indication that the motions to dismiss in *Frost* were filed for the first time on the day of trial. We remain of the view set forth in dicta in *Frost* that expedited review can generally thwart efforts to use forum non conveniens motions for purposes of delay. In the instant case, however, the motion to dismiss on the ground of forum non conveniens was not filed until the day of trial and followed the denial of two motions for continuance, the last of which was advanced the morning of trial on a factually suspect basis. We are of the view

that in such a case the trial court should be vested with the discretion to go forward with a trial. To hold otherwise would place trial courts at the mercy of litigants who, having been denied a continuance on the brink of trial, make motions to dismiss on the grounds of forum non conveniens for the purpose of preventing the commencement of trial.

Thus, we hold that, despite the filing of a notice of appeal, the trial court had the discretion to proceed with the trial when it reasonably determined that appellant's motion to dismiss for forum non conveniens filed shortly before trial had been made for dilatory purposes.

*Affirmed.*